(No. 14563.—Judgment affirmed.)
THE ST. LOUIS PRESSED STEEL COMPANY, Plaintiff in Error, *vs.* ADOLPHUS SCHORR, Defendant in Error.

*Opinion filed June 21, 1922.*

1. WORKMEN'S COMPENSATION—*award cannot be reviewed upon application for judgment.* The method of review provided by section 19 of the Compensation act is exclusive, and on application to the circuit court for judgment on an award the court has no jurisdiction to review the award, to construe the statute or to determine whether or not the decision of the board is correct.

2. SAME—*filing of petition for review must be proved by certified copy.* On application for judgment on an award by an arbitrator the filing of a petition for review with the Industrial Commission cannot be shown by the certificate of the secretary of the commission that the petition was filed but such proof can be made only by the officer's certificate to a copy of the petition.

3. EVIDENCE—*when certificate of officer is not evidence of record.* If an officer is bound to record a fact the proper proof of the record is a copy duly authenticated, but as to matters which the officer is not bound to record, his certificate, being extra-official, is merely the statement of a private person and will be rejected.

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding.

WILLIAM E. WHEELER, (M. F. OEHMKE, of counsel,) for plaintiff in error.

W. E. HADLEY, and F. H. KRUGER, for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

On petition of the St. Louis Pressed Steel Company a writ of error was awarded to review the record of the circuit court of St. Clair county, which rendered a judgment against the plaintiff in error in favor of Adolphus Schorr upon an award by an arbitrator of the Industrial Commission for $10 a week on account of temporary total disability for 12 weeks and for $10 a week for 180 weeks on

account of permanent loss of ninety per cent of the use of his right hand. The application for judgment alleged that no proceedings for review of the award had been taken and that the plaintiff in error refused to pay compensation according to the award. The respondent filed an answer, alleging that it had filed its petition for review within fifteen days of the receipt of notice of the award; that the arbitrator, to correct an error in the award, made a second award, and the plaintiff in error, within fifteen days of receipt of notice of the second award, filed its petition for review of the second award, and that the petitions for review were pending and undetermined before the Industrial Commission. On the hearing the plaintiff in error offered in evidence a letter from the secretary of the commission stating that the award was made on April 5, 1921, but that it was erroneous on its face; that the arbitrator made a second award, which was also erroneous; that the plaintiff in error filed petitions to have both awards reviewed, which are pending before the commission, but that the commission's entire file in the case had been missing for a long time; that diligent search had failed to bring it to light, and that therefore it was impossible to furnish certified copies of the petition for review. The plaintiff in error also offered in evidence a certificate of the secretary to the same facts, which also contained copies of the awards.

Nothing more appears in the record as to the nature of the defendant's injury than the statement in the award that it caused a permanent partial loss of ninety per cent of the use of his right hand. The compensation provided by the Workmen's Compensation act for the loss of a hand or the permanent and complete loss of its use is fifty per cent of the average weekly wage during 150 weeks, ninety per cent of which would be 135 weeks instead of 180. The plaintiff in error insists that on the face of the award the amount could not exceed $10 a week for 135 weeks; that there is a manifest clerical error in computation and that the award

is excessive. The law provides by section 19 a method of review for the correction of errors, and also provides that if such method is not adopted the circuit court may render judgment in accordance with the award, and if the employer refuses to pay compensation according to the award, the court shall, in entering judgment thereon, tax as costs against him the reasonable costs and attorney's fees in the arbitration proceedings and in the court entering the judgment for the person in whose favor the judgment is entered. The method of review provided by section 19 is exclusive, and on application for judgment on the award the court . has no jurisdiction to review the decision, construe the statute or determine whether the decision of the board was correct or not. *Fitt* v. *Central Illinois Public Service Co.* 273 Ill. 617; *Bernstein* v. *Brothman,* 275 id. 290; *Friedman Manf. Co.* v. *Industrial Com.* 284 id. 554.

The evidence offered by the plaintiff in error was objected to and was all incompetent. The filing of a petition for review cannot be shown by the certificate of the officer having charge of the records that the petition was filed, but only by his certificate to a copy of the petition. (*Steidl* v. *People,* 173 Ill. 29.) The certificate that the petitions and files had been lost was also incompetent. If an officer is bound to record a fact, the proper proof is a copy of the record duly authenticated. As to matters which he is not bound to record, his certificate, being extra-official, is merely the statement of a private person and will therefore be rejected. 1 Greenleaf on Evidence, sec. 498; *Schaefer* v. *Wunderle,* 154 Ill. 577.

The plaintiff in error contends that the circuit court had power to enter judgment only upon an award providing for payment of compensation according to the act and had no power to enter judgment in this case upon the award made. The Industrial Commission had jurisdiction of the subject matter of the compensation due the claimant and of the persons of the claimant and the employer, and since the

legality of its award is not subject to review upon an application of this character the defendant in error was entitled to judgment.

The circuit court gave judgment in favor of the defendant in error for $150 attorney's fees as costs, and the plaintiff in error contends that this was erroneous because it has never refused to pay compensation to which the defendant in error was rightfully entitled. This argument assumes that the plaintiff in error was not bound to pay the award because it was for too large an amount, but that question is not reviewable in this proceeding.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*