(No. 15173.—Reversed and remanded.)

THE BOARD OF EDUCATION OF HIGH SCHOOL DISTRICT No. 502, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(WILLIAM A. HEMMER, Defendant in Error.)

*Opinion filed June 20, 1923.*

1. WORKMEN'S COMPENSATION—*when circuit court, on application for judgment, should allow employer to prove payments made.* The Industrial Commission in ordering an award where payments of compensation have already been made by the employer should find the amount still due and order payment of said amount, but where it merely directs the employee to give the employer credit for the payments made, the employer, on the employee's application for judgment on the award, though he cannot resist judgment on the ground that the award is incomplete, may prove that the employee has not given him proper credit on the award and that the amount which he has tendered the employee is the full sum due him.

2. SAME—*what attorney's fees may be included in judgment on award.* The circuit court, in entering judgment on an award under paragraph (*g*) of section 19 of the Compensation act, may include as the employee's attorney's fees to be taxed against the employer refusing to pay the award, only the fees for the services of the attorney in securing the order for the award from the arbitrator and the Industrial Commission and in securing the judgment thereon in the circuit court, but attorney's fees incurred by the employee in having the award reviewed in the circuit court or in the Supreme Court should not be included.

3. SAME—*what costs may be taxed against employer in giving judgment on award.* Where judgment is entered on an award upon the refusal or neglect of the employer to pay the same or have it reviewed, the circuit court may allow the employee the cost of the certified copy of the decision of the Industrial Commission or of a copy of the arbitrator's decision, which he is required to file to obtain judgment, and the reasonable costs in producing and examining his witnesses before the arbitrator and the commission in securing the award, and also the costs in the circuit court in obtaining judgment, including the costs of witnesses, if required.

WRIT OF ERROR to the Circuit Court of Bureau county; the Hon. JOE A. DAVIS, Judge, presiding.

JOHN J. SHERLOCK, and McDOUGALL, CHAPMAN & BAYNE, for plaintiff in error.

J. L. MURPHY, for defendant in error.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

On application of William A. Hemmer, defendant in error, the circuit court of Bureau county on October 13, 1922, entered judgment upon an award of the Industrial Commission in favor of defendant in error and against the Board of Education of High School District No. 502 of said county, plaintiff in error, for the sum of $391.75 as compensation and interest and $250 attorney's fees, under paragraph (*g*) of section 19 of the Workmen's Compensation act. This court granted a writ of error.

The defendant in error was a manual training teacher employed by the plaintiff in error. He was accidentally injured on March 5, 1919, while engaged in the course of his employment in instructing a pupil in the use of a circular saw. His left hand was drawn in contact with the saw and the first three fingers were injured. He applied for compensation under the Workmen's Compensation act and upon a hearing before an arbitrator an award was made to him. Upon the petition of the plaintiff in error the award was reviewed by the Industrial Commission and was set aside for the reason that the school district was not engaged in any business, occupation or enterprise that would automatically place it within the jurisdiction of the commission. The defendant in error sued out a writ of *certiorari* from the circuit court, but that court quashed the writ, and upon petition of the claimant a writ of error was awarded to review the proceedings. This court (*Board of Education* v. *Industrial Com.* 301 Ill. 611,) reversed the judgment and remanded the cause, with directions to the circuit court to set aside the decision of the Industrial Commission and remand the cause to the commission, with di-

rections to hear it on its merits. In accordance with the mandate in that case the circuit court set aside the decision of the Industrial Commission and remanded the cause to that body for a hearing on the merits. The commission heard the case and on May 18, 1922, entered an award, finding that on March 5, 1919, the petitioner sustained an accidental injury arising out of and in the course of his employment; that notice of the accident was duly given; that first aid, medical, surgical and hospital services were provided by the respondent; that the annual earnings of the applicant were $1350 and his weekly wages $26; and "(5) that as a result of the injury petitioner was temporarily totally incapacitated for a period of eight weeks thereafter, compensation for which has been paid; (6) that as a further result of the injury petitioner sustained the permanent loss of twenty per cent of use of the index finger, fifty per cent loss of use of second finger and fifty per cent loss of use of third finger of left hand. It is therefore ordered that the petitioner recover from the respondent $12 per week for eight weeks, that being the period of temporary total incapacity for work for which compensation is payable. It is further ordered that the petitioner recover from the respondent $12 per week for 32 weeks, for the reason that the injury sustained caused the permanent loss of twenty per cent of use of index finger, and permanent loss of fifty per cent of use of second finger and permanent loss of fifty per cent of use of third finger, all on the left hand. The previous decision of the commission is set aside so far as inconsistent with this one. Respondent shall be given credit for any payments already made on the above award." Notice of the award was mailed to each of the parties. On September 2, 1922, applicant notified the Industrial Commission that demand had been made upon the board of education to pay the compensation at the rate of $12 per week for 32 weeks, which it had refused to do, and that upon the opening of the circuit court, September

18, 1922, judgment in accordance with the terms of the award would be asked, together with attorney fees. Plaintiff in error was notified by the commission of the giving of such notice.

Plaintiff in error appeared before the circuit court and resisted judgment on two grounds: First, that the award of the commission was incomplete, it finding that the board of education was entitled to credit for such payments as had been made without further finding how much or what such payments were; and second, that prior to May 18, 1922, (the date of the award,) the board of education of said district drew a school order for the sum of $300 payable to defendant in error as a payment on the award, which order was indorsed by him and paid and for which defendant in error had not given credit on the award, as directed by the commission; that on September 2, 1922, plaintiff in error drew a second order in favor of defendant in error for $182.63 in full settlement of the award made by the commission, with interest from May 18, 1922, and which was the full sum due him on the latter date, and tendered it to him in full payment of the balance of the award, which he refused to accept on the ground that the latter order was not for the full sum due him.

The circuit court overruled plaintiff in error's first contention and denied it the right to make proof of the payment of $300 on the award, and also denied it the right to make proof of the tender of the order of $182.63 and the refusal of the tender by defendant in error, that the latter amount was the full sum due him on the latter date, and that he had failed to properly credit the award for the amount of the payment paid thereon. The court then construed the language used by the commission in its finding and award to mean that defendant in error should only give credit to plaintiff in error for eight weeks' payments at $12 per week, and that there was still due on the award the sum of $12 per week for 32 weeks, or $384, with interest, and on Oc-

tober 13, 1922, entered judgment in favor of defendant in error for said sum, with interest to the latter date, amounting to $391.75.

As shown by the award of the commission, the total amount found due defendant in error was $96 for temporary total incapacity for work, or $12 per week for eight weeks, and $384 for permanent partial loss of use of three fingers, or $12 per week for 32 weeks. The total amount of the award was therefore $480, of which the commission finds that $96 has been paid. The commission also finds that first aid, medical, surgical and hospital services were provided by the plaintiff in error, but the findings of the commission do not disclose the amount of these latter items. The presumption would naturally be from the order that these latter items were provided by plaintiff in error and paid to the parties that rendered such services, or that the plaintiff in error owed such parties for such services, and not defendant in error, if such services had not been paid by plaintiff in error. The award of the commission contains an explicit direction to defendant in error that he give credit on the award for any payments already made. It was the duty of the commission to ascertain all such payments as had been made by plaintiff in error before the award and to show the amount still due and enter its order directing the payment of the amount due, and had it done so there would have been no necessity for the direction to the defendant in error to give credit for payments already made. It was the absolute duty of the defendant in error to give credit on the award for any payments made thereon which were not shown by the commission in its finding and award to be paid. The sum and substance of the claim of the plaintiff in error is that the defendant in error did not conform to the order of the commission and give credit on the award for any payment that was actually made and not shown by the order and finding of the commission.

308–29

We think the court erred in denying plaintiff in error the right to prove that defendant in error had not given the proper credit on the award as directed by the commission and that it had paid $300 for which credit was not given, and that the court further erred in denying it the right to prove that the amount tendered to defendant in error on September 2, 1922, was the full sum due him. If such proof could be made by plaintiff in error it would be a complete defense to defendant in error's claim for judgment and attorney fees and costs. The record discloses that plaintiff in error had in the circuit court the school order for $300, with the indorsement of defendant in error thereon showing that the same was paid, and also the other school order which was tendered in full payment of the balance due, and that it offered them in evidence. These two orders, without interest, amounted to $480, the total sum of the award. No pleadings of any character were required to entitle plaintiff in error to present this evidence, because if defendant in error had given credit for the $300 paid him, as the commission directed, he apparently could not have made a showing in the court that the tender of the second order was not a tender of all that was due him. The circuit court undoubtedly had the power to direct the defendant in error to credit the award for all payments made to him, as he was required to do by the commission, and it was his failure to do so that caused the award in the circuit court to not show the true amount due. The court did not err in overruling the first contention made by plaintiff in error but did err in not directing proper credits to be made on the award.

Paragraph (*g*) of section 19 of the Compensation act, so far as material in this case, provides that "in case where the employer does not institute proceedings for review of the decision of the Industrial Board and refuses to pay compensation according to the award on which such judgment is entered, the court shall, in entering judgment thereon,

tax as costs against him the reasonable costs and attorney fees in the arbitration proceedings and in the court entering the judgment, for the person in whose favor the judgment is entered." From the foregoing it appears that reasonable costs and attorney fees in the arbitration proceedings and in the court entering the judgment can only be awarded by the circuit court in a case where the employer does not institute proceedings for review and refuses to pay the compensation awarded. Such attorney fees and reasonable costs are clearly not intended to include any attorney fees and costs sustained by the employee in having the award reviewed in the circuit court or in the Supreme Court. The Compensation act does not elsewhere provide for attorney fees and costs before the arbitrator and the commission, and the above section does not define the costs, except as to the "reasonable costs and attorney fees in the arbitration proceedings and in the court entering the judgment." The question arises in this case as to what is meant by "reasonable costs and attorney fees." Such reasonable attorney fees we think clearly mean the customary and usual charges of attorneys for like services in cases where such fees are the subject of contract between solicitors and clients, and that such services include the services of the attorney before the arbitrator and the commission in securing the award upon which the circuit court is to be asked to give judgment in case of refusal or neglect of the employer to have the award reviewed, and also for the services of the attorney in securing such judgment in the circuit court, including the work of preparing for the arbitration proceedings and proceedings in the circuit court. We base this conclusion upon the ruling of this court in cases where the question of reasonable attorney fees has been raised. *Metheny* v. *Bohn,* 164 Ill. 495; *Gentleman* v. *Sanitary District,* 260 id. 317; *People* v. *Gilbert,* 263 id. 85.

Reasonable costs in the arbitration proceedings cannot mean statutory costs, as the statute nowhere defines or fixes

the amount of the costs in such proceedings. Under the foregoing proceedings the circuit court would have been justified in allowing to the employee the cost of the certified copy of the decision of the Industrial Commission, which he is required to file, or of a copy of the arbitrator's decision, in order to obtain judgment on the award in the circuit court, and also the reasonable costs in producing and examining his witnesses before the arbitrator and before the commission in securing the award upon which he asks judgment. We are not aware of any other costs that an employee is required to pay to the arbitrator or the commission in order to obtain an award. Expenses of the employee in attending before the arbitrator or the commission, or personal expenses incurred by him in attending the circuit court to secure such judgment, would not be recoverable as reasonable costs. Reasonable costs in the circuit court in obtaining judgment simply mean the ordinary and reasonable costs usually taxed in other proceedings in that court in favor of the officers of the court under authority of statutes with reference to costs, and also reasonable costs for witnesses testifying in the circuit court, if testimony of witnesses should be required.

The judgment of the circuit court is reversed and the cause is remanded, with directions to hear testimony on the question whether or not defendant in error gave credit for all payments made on the award, as he was directed to do by the commission, and to allow both sides to make proper inquiry into this question and introduce evidence properly bearing on such question. In case the court finds that plaintiff in error has paid or tendered the full amount due on the award and that there was nothing due defendant in error at the time he began his proceedings in the circuit court the application for judgment should be dismissed at his cost, but in case the court finds anything was properly due him when he began his proceedings in the circuit court, then the court is directed to enter judgment for the amount

due after all proper credits have been entered on the award by the defendant in error. Judgment should also be rendered for reasonable costs and attorney fees, to be ascertained in the manner herein indicated.

*Reversed and remanded, with directions.*