(No. 26797.— )
JAMES GERISH, for the use of Walther Memorial Hospital, Defendant in Error, *vs.* ABRAHAM FELDMAN *et al.*, Plaintiffs in Error.

*Opinion filed January 21, 1943.*

WILLIAM FELDMAN, for plaintiffs in error.

HARRISON & HARRISON, for defendant in error.

Mr. JUSTICE GUNN delivered the opinion of the court:

James Gerish obtained an award against plaintiffs in error under the Workmen's Compensation Act, and after due hearing before the Industrial Commission a lump-sum settlement of $625 was authorized May 14, 1941, and said sum paid by plaintiffs in error.

Among other things the settlement contract stated all medical and surgical treatments were furnished by the employer. September 3, 1941, Walther Memorial Hospital, defendant in error, filed a petition with the Industrial Commission to have fixed the amount due it for services rendered James Gerish on account of the accidental

injuries sustained while in the course of his employment. Plaintiffs in error were made parties to such proceeding. November 12, 1941, the commission fixed the reasonable charges of such hospital at the sum of $427, and certified that the probable cost of the record would be the sum of $20.

Plaintiffs in error did not comply with said order of the Industrial Commission, and January 21, 1942, Walther Memorial Hospital filed an application for judgment in the office of the circuit clerk of Cook county, praying that judgment be entered for the sum of $427, and for a reasonable attorney's fee and costs of the proceeding. Plaintiffs in error filed an answer attacking the jurisdiction of the Industrial Commission to enter the order charging them with the hospital bills, and alleged they had made a lump-sum settlement of $625, and that there was no authority in law for the hospital to have an additional sum allowed for its services. The cause was heard upon an application for judgment on the pleadings and judgment entered for $427 and costs of suit.

Plaintiffs in error are attempting in this proceeding to review the order of the Industrial Commission, allowing the hospital bill, by way of answer to the application for judgment authorized by section 19(g) of the Workmen's Compensation Act. (Ill. Rev. Stat. 1941, chap. 48, par. 156.) Plaintiffs in error did not attempt to review the validity of this order in the manner provided by law, but seek to have the validity of such order determined upon the application in the circuit court for judgment, authorized in case of a neglect or refusal to pay the award.

We have previously held that the method of review provided by the Workmen's Compensation Act is exclusive, and orders under it cannot be reviewed on application for judgment on an award. In *St. Louis Pressed Steel Co. v. Schorr*, 303 Ill. 476, where the same situation was presented, we said: "The law provides by section 19 a method of review for the correction of errors, and also provides

that if such method is not adopted the circuit court may render judgment in accordance with the award, and if the employer refuses to pay compensation according to the award, the court shall, in entering judgment thereon, tax as costs against him the reasonable costs and attorney's fees in the arbitration proceedings and in the court entering the judgment for the person in whose favor the judgment is entered. The method of review provided by section 19 is exclusive, and on application for judgment on the award the court has no jurisdiction to review the decision, construe the statute, or determine whether the decision of the board was correct or not. [Citations.]" This case is decisive of the claims of plaintiffs in error. Counsel for both parties have argued the right and authority of the Industrial Commission to make such additional award, but in view of what we have just said concerning the jurisdiction of the court it is unnecessary to comment upon the same.

Defendant in error assigns cross error because no attorney fees were fixed, as authorized by the statute. The court entered judgment for the demand and for costs. There is no bill of exceptions showing any amount of a reasonable attorney's fee was proved. Without some proof showing the reasonable value of services the court would not be authorized to fix them of its own motion, and therefore the judgment of the court with respect to the amount was correct.

The judgment of the circuit court of Cook county is affirmed.

*Judgment affirmed.*