(No. 42621.—

ROBERT N. McCORMICK, Appellee, *vs.* McDOUGAL-HART-MANN COMPANY, Appellant.

*Opinion filed Dec. 4, 1970.—Rehearing denied Jan. 27, 1971.*

HEYL, ROYSTER, VOELKER & ALLEN, of Peoria, (LYLE W. ALLEN, of counsel,) for appellant.

MOEHLE, MOEHLE, REARDON, SINCOCK, BODE & AS-SOCIATES, of Washington, (MELVIN O. MOEHLE, of counsel,) for appellee.

Mr. JUSTICE WARD delivered the opinion of the court:

The plaintiff and employee, Robert McCormick, brought an action in the circuit court of Tazewell County under section 19(g) of the Workmen's Compensation Act (Ill. Rev. Stat. 1969, ch. 48, par. 138.19(g)) to enforce an award of compensation which had been entered against his employer, McDougal-Hartmann Company, the defendant. Judgment was entered against the employer and it appealed to the Appellate Court for the Third District. The appellate court, with one judge dissenting, rejected the argument of the employer that it was entitled to set off the employee's recovery for his injuries from the State of Illinois against the award of compensation it was obligated to pay the employee and affirmed the judgment of the circuit court. (111 Ill. App. 2d 346.) We granted the employer leave to appeal.

The appellate court's opinion described this controversy. "In 1959, plaintiff, hereinafter referred to as employee, while employed by defendant, hereinafter referred to as employer, sustained an injury while working on a road project which resulted in his total permanent disability. Employer admitted that such injuries were compensable under the Workmen's Compensation Act and paid the benefits therein provided until 1965. Sometime prior to 1965, employee filed a claim with the Court of Claims on the basis that his injuries were the result of the negligence of the State of Illinois. Employer was aware that such a claim had been filed and according to its statement of facts, sent a letter both to the employee and to the State of Illinois indicating its interest. The effect of such a letter is not an issue in this case. In due course the Court of Claims made an award in favor of employee in the amount of $25,000, and the amount was thereafter paid to employee. The em-

ployee declined to pay such amount or any part thereof to employer and thereupon the employer ceased to make any further payments to employee under the Workmen's Compensation Act. Employee thereafter filed his claim with the Illinois Industrial Commission and an award was entered by the Arbitrator, thereafter affirmed by the Industrial Commission, in favor of the employee. No payments being made on such award, employee instituted suit in the circuit court, seeking to recover alleged payments due as of the date of filing of the action. Employer argued that no amount was due employee under the Commission's award because it was entitled to take as a credit against such award the $25,000 received by employee from the State of Illinois and not paid to employer. The trial court rejected employer's argument and entered judgment in favor of employee on the award without giving credit to employer for the amount claimed * * *."

The employer's argument is substantially the one it presented in the appellate court. The employer, *i.e.*, the defendant argues that its right to credit the employee's recovery from the State of Illinois was approved by the Industrial Commission in its order in this case, which order included a provision that the employer shall "* * * have credit for all sums of money, if any, heretofore paid petitioner on account of accidental injuries sustained on August 10, 1959." It says, too, that section 5(b) of the Workmen's Compensation Act provides an employer who has paid or is obligated to pay compensation with an absolute right of reimbursement when the injury was caused by the negligence of a third party. The employer reasons from this that it may credit any recovery by the employee from the third person against its obligation to pay compensation to the employee.

In an action to enforce an award of compensation under 19(g) (Ill. Rev. Stat. 1969, ch. 48, par. 138.19(g)) an employer is entitled to a credit which has been allowed by

the Industrial Commission against the award in favor of the employee. (See *Board of Education* v. *Industrial Commission,* 308 Ill. 445.) There is no support in this record, however, for the employer's claim that the order of the Industrial Commission authorized it to credit the recovery of the employee from the State of Illinois against the award of compensation. We consider the appellate court correctly held that the language we have quoted from the order of the Commission was but the customary language in an award to authorize the deduction of payments made by an employer prior to the hearing or prior to the entry of the award. *Cf. Voorhees* v. *Industrial Commission,* 31 Ill.2d 330.

We are unable to consider the employer's other contention that it was entitled under Section 5(b) of the Act to a credit of the recovery by the employee against the State of Illinois. The employer failed to seek a review of the award against it which was available under Section 19(f) of the Act (Ill. Rev. Stat. 1969, ch. 48, par. 138.19(f)). It cannot now have that review of the award by means of an answer filed in an action brought by the employee under par. 138.19(g) to enforce the award in his favor. Paragraph 138.19(f) affords the exclusive means of reviewing an award by the Commission. This was described in *Gerish* v. *Feldman,* 381 Ill. 635, where it was said:

"Plaintiffs in error are attempting in this proceeding to review the order of the Industrial Commission, allowing the hospital bill, by way of answer to the application for judgment authorized by section 19(g) of the Workmen's Compensation Act. (Ill. Rev. Stat. 1941, ch. 48, par. 156.) Plaintiffs in error did not attempt to review the validity of this order in the manner provided by law, but seek to have the validity of such order determined upon the application in the circuit court for judgment, authorized in case of a neglect or refusal to pay the award.

"We have previously held that the method of review

provided by the Workmen's Compensation Act is exclusive, and orders under it cannot be reviewed on application for judgment on an award. In *St. Louis Pressed Steel Co.* v. *Schorr*, 303 Ill. 476, where the same situation was presented, we said: 'The law provides by section 19(f) a method of review for the correction of errors, and also provides that if such method is not adopted the circuit court may render judgment in accordance with the award, and if the employer refuses to pay compensation according to the award, the court shall, in entering judgment thereon, tax as costs against him the reasonable costs and attorney's fees in the arbitration proceedings and in the court entering the judgment for the person in whose favor the judgment is entered. The method of review provided by section 19[F] is exclusive, and on application for judgment on the award the court has no jurisdiction to review the decision, construe the statute, or determine whether the decision of the board was correct or not. [Citations.]' This case is decisive of the claims of plaintiffs in error."

We express no opinion of the merits of the employer's claim of a right to credit a recovery from a third party tortfeasor against the employer's obligation to pay compensation. We are, of course, conscious that the appellate court did entertain the employer's contention, but we judge that its consideration would breach sections 19(f) and 19(g) and our precedents.

The judgment of the appellate court is affirmed on the question we have considered.  *Judgment affirmed.*