(No. 47061.— )

THE CITY OF CHICAGO, Appellee and Cross-Appellant
v. THE INDUSTRIAL COMMISSION *et al.*—(William
Warmouth, Appellant and Cross-Appellee.)

*Opinion filed March 29, 1976.*

George J. Murges of Murges & Johnson, William J. Harte, Ltd., and Kevin M. Forde, Ltd., all of Chicago, for appellant.

William R. Quinlan, Corporation Counsel, of Chicago (Daniel Pascale and Marsile H.Hughes, Assistants Corporation Counsel, of counsel), for appellee.

MR. JUSTICE UNDERWOOD delivered the opinion of the court:

Claimant William Warmouth was injured on January 12, 1970, in the course of his employment by the City of Chicago. During the arbitrator's hearing upon his claim for compensation under the Workmen's Compensation Act

(Ill. Rev. Stat. 1969, ch. 48, par. 138.1 *et seq.*), claimant was cross-examined regarding earlier injuries, and testified regarding a prior injury to his left knee in 1967 for which he had received compensation in an undisclosed amount from the City. No suggestion was made in that hearing that the City was entitled to any credit for the prior compensation in the event an award was made for the current injury to the same leg. On March 14, 1973, the arbitrator awarded claimant compensation for permanent, partial loss of use of both arms and legs, including 50% of the left leg. No credit was allowed by that order for compensation paid by the City for the prior injury to that leg, nor was any reference made to the earlier injury or award.

Through someone's oversight, no review of the arbitrator's decision was sought as provided by statute (Ill. Rev. Stat. 1969, ch. 48, par. 138.19(b)), and the award became final. Payment thereof was not made, and on August 1 claimant filed a petition under section 19(k) of the Act (Ill. Rev. Stat. 1969, ch. 48, par. 138.19(k)) alleging payment was unreasonably or vexatiously delayed and requesting 50% additional compensation, which section 19(k) provides the Commission may award in such cases. On August 3 the City responded with a petition requesting credit under section 8(e)(17) (Ill. Rev. Stat. 1969, ch. 48, par. 138.8(e)(17)), which provides:

> "17. In computing the compensation to be paid to any employee who, before the accident for which he claims compensation, had before that time sustained an injury resulting in the loss by amputation or partial loss by amputation of any member, including hand, arm, thumb or fingers, leg, foot or any toes, such loss or partial loss of any such member or the sight of an eye shall be deducted from any award made for the subsequent injury. For the permanent loss of use or the permanent partial loss of use of any such member for which compensation has been paid, then such loss shall be taken into consideration and deducted from any award for the subsequent injury."

From the arguments of counsel presented to the Commission at the subsequent hearing on these petitions it seems apparent that the City did not become aware that it had neglected to seek review of the arbitrator's decision until a May 8 letter was received from claimant's counsel enclosing an authorization permitting the City to mail its draft in payment of the award directly to counsel. It is also clear that nothing in this record supports any inference of conduct by claimant's counsel leading counsel for the City to believe that such review would not be necessary in order to obtain credit. There are, however, references to post-May 8 conversations in which the City requested claimant to allow it credit for approximately $4,500 (the City's brief refers to $5,490 as the amount of the earlier award) awarded as compensation for the permanent loss of 45% of the left leg resulting from the prior injury and claimant's refusal of that request.

The Commission denied the City's petition for credit, found there had been unreasonable and vexatious delay in payment, and awarded additional compensation of $2,516 representing 25% of the compensation accrued and due on October 22. The City sought *certiorari* from the circuit court of Cook County, which entered judgment modifying the Commission's order so as to give the City credit for compensation awarded on the prior injury for the 45% loss of use of the left leg, and confirming the 25% penalty. Claimant appealed directly here, and the City has cross-appealed.

While the City's 8(e) petition filed in response to claimant's petition seeking the penalty for unreasonable delay in payment states: "That unknown to the Arbitrator or to the Petitioner/Respondent [City] herein William Warmouth had sustained a prior injury to his left leg ***" and that compensation had been awarded and paid by the City, that statement appears incorrect for, as earlier indicated, claimant had testified under cross-examination by counsel for the City that he had received compensation

for a 1967 injury to that leg.

This court has on at least two earlier occasions (*Sweitzer v. Industrial Com.* (1946), 394 Ill. 141; *Dyer v. Industrial Com.* (1936), 364 Ill. 161) declined to permit a party to indirectly attack an award where no review in the manner provided by statute had been taken. That is precisely what is being attempted here. As was said in *Sweitzer:* "If defendant in error was dissatisfied with the arbitrator's decision, he should have sought a review by the Industrial Commission. Having failed so to do, he cannot by-pass the commission and obtain, for all practical purposes, a direct review by the circuit court. In short, he should have exhausted the administrative remedies afforded him by the statute before resorting to the courts." (394 Ill. 141, 147.) And later in the same opinion: "We are of the opinion that the plain intention of section 19 of the Workmen's Compensation Act is to make a review of an arbitrator's decision by the Industrial Commission a condition precedent to a review by the circuit court." (394 Ill. 141, 147.) Similarly, in our judgment, a party cannot sit by, permitting an arbitrator's decision to become final, and then assert, when the beneficiary of that decision seeks a nonpayment penalty in a collateral proceeding, that the arbitrator erred. To hold otherwise would substantially impair the finality of awards as to which no review has been sought, and would be incompatible with the legislative intent, for "The purpose of the provisions of the statute limiting the time within which a petition for review can be completed is to prevent delay in the administration of the law and to provide a summary remedy. [Citation.]" (*Sweitzer,* at 149-50.) We note, too, that even *Trigg v. Industrial Com.* (1936), 364 Ill. 581, cited by the City, supports the conclusion we reach, which is that the City, not having sought review of the arbitrator's decision, cannot now challenge its accuracy.

Both parties agree that the circuit court erred in approving the 25% penalty since section 19(k) contains no

indication that a penalty, if assessed, can be in any amount other than 50%. Claimant concludes that we should remand to the Commission with directions to assess a 50% penalty, whereas the City argues the 25% penalty is void and we should simply reverse it. Because of our disposition of this issue we need not consider whether 19(k) authorizes penalties less than 50%.

We recognize that penalties may be assessed against municipal corporations for unreasonable and vexatious delay in payment (*Board of Education v. Industrial Com.* (1932), 351 Ill. 128); that whether there has been such delay is ordinarily a question of fact, the resolution of which by the Commission will not be judicially disturbed unless contrary to the manifest weight of the evidence (*Board of Education v. Industrial Com.* (1968), 39 Ill.2d 167, 170); and that he who delays payment bears the burden of excusing the delay (39 Ill.2d 167, 171). The circumstances of this case are, however, unusual, if not unique. While there is before us nothing which precisely and conclusively establishes the details of the earlier award, the City's assertion in its brief that $5,490 was included therein, representing 90 weeks compensation for 45% loss of use of the same leg for which the award here involved included 50% loss of use is not disputed. The clear inference to be drawn from the record before us is that credit for some portion of the earlier award should have been given the City against its liability on the current award, which apparently aggregates some $20,000. It is also clear that there were discussions between counsel for the parties regarding credit in some amount, in order to avoid a double payment by the City, although those discussions may well have commenced after expiration of the period in which a review of the arbitrator's decision was possible. Given the circumstances of this case, it is our opinion that the several months delay in payment was neither unreasonable nor vexatious and that the finding of the Industrial Commission to the contrary is against the

manifest weight of the evidence. In so holding, however, we do not intend that this opinion be thought to indicate any disposition on our part to countenance delay in payment of final awards in less unusual circumstances.

The judgment of the circuit court is accordingly reversed, and the cause remanded to the Industrial Commission with directions to modify its award in accordance herewith.

*Reversed and remanded,*
*with directions.*