NORB J. KONCZAK, Plaintiff-Appellee, *v.* JOHNSON OUTBOARDS, Defendant-Appellant.

Second District   No. 81—913

Opinion filed August 4, 1982.

Joel A. Haber, Alvin D. Meyers, and Kenneth G. Anspach, all of Chatz, Berman, Margos, Haber & Fagel, of Chicago, for appellant.

Harvey Melinger, of Chicago, for appellee.

JUSTICE NASH delivered the opinion of the court:

Defendant, Johnson Outboards, a division of Outboard Marine Corporation (Johnson Outboards), appeals from the judgment of the Circuit Court of Lake County entered against it and in favor of the plaintiff, Norb J. Konczak, pursuant to section 19(g) of the Workmen's Compensation Act (Act). (Ill. Rev. Stat. 1979, ch. 48, par. 138.19(g).) We affirm.

On July 25, 1977, Konczak was injured in the course of his employment with Johnson Outboards. Proceedings were initiated before the Illinois Industrial Commission (Commission) for benefits pursuant to the Act and one of the Commission's arbitrators filed his decision regarding Konczak's claim on November 30, 1979. The arbitrator's decision provided, in pertinent part:

"That necessary first aid, medical, surgical and hospital serv-

ices have been provided *in part* by the Respondent [Johnson Outboards] herein.

\* \* \*

That said Petitioner [Konczak] *is now entitled* to have and receive from the Respondent \*\*\* the further sum of $6,824.57 for necessary medical, surgical and hospital services, as provided in paragraph (a) of Section 8." (Emphasis added.)

On appeal, the Commission affirmed the arbitrator's findings in a decision filed on April 8, 1981. The decision on reviw provided in pertinent part:

"The Commission affirms the decision of the Arbitrator based on the election of Respondent and Petitioner not to file a summary setting forth any claim of error in the Arbitrator's decision. The Commission therefore concluded that *the decision of the arbitrator herein is correct.*

\* \* \*

IT IS FURTHER ORDERED BY THE COMMISSION that the Respondent shall have credit for all amounts paid, *if any,* to or on behalf of the Petitioner on account of said accidental injury." (Emphasis added.)

Neither of the parties petitioned the circuit court for a writ of *certiorari* to the Commission for review of the foregoing decision as allowed by section 19(f)(1) of the Act. Ill. Rev. Stat. 1979, ch. 48, par. 138.19(f)(1).

Subsequently, on May 27, 1981, Konczak filed a petition for judgment pursuant to section 19(g) of the Act (Ill. Rev. Stat. 1979, ch. 48, par. 138.19(g)) seeking the entry of a judgment against Johnson Outboards in the amount of the arbitrator's award ($6,824.57) plus attorney fees and costs. Konczak's petition alleged the existence of the award (accompanied by certified copies of both the arbitrator's and Commission's decision), the failure of the parties to appeal the award, proper notice pursuant to statute, the specific amounts claimed and the failure of Johnson Outboards to pay the award.

Johnson Outboards filed its answer and affirmative defense on July 24, 1981. While the answer admitted most of the allegations of Konczak's petition, Johnson Outboards contended that it had paid the Commission's award in full through payments made to Konczak from an insurance plan prior to the arbitrator's decision. However, Johnson Outboards acknowledges that no payments were made on those medical expenses incorporated into the award subsequent to the entry of the arbitrator's decision.

The parties filed cross-motions for summary judgment. On Octo-

ber 23, 1981, the court entered judgment in favor of Konczak in the amount of $11,574.28 constituting the Commission's award, attorney fees and costs. On appeal, Johnson Outboards contends that (1) Konczak's failure to reply to its affirmative defense of payment is an admission of payment thus precluding summary judgment and (2) in any event, it should have been allowed the opportunity to prove payment as a defense to the section 19(g) proceeding and, accordingly, the summary judgment was improper.

Section 19(g) of the Act provides, in pertinent part:

"(g) Except in the case of a claim against the State of Illinois, either party may present a certified copy of the award of the Arbitrator, or a certified copy of the decision of the Commission when the same has become final, when no proceedings for review are pending, providing for the payment of compensation according to this Act, to the Circuit Court of the county in which such accident occurred or either of the parties are residents, whereupon the court shall render a judgment in accordance therewith. In case where the employer refuses to pay compensation according to such final award or such final decision upon which such judgment is entered the court shall in entering judgment thereon, tax as costs against him the reasonable costs and attorney fees in the arbitration proceedings and in the court entering the judgment for the person in whose favor the judgment is entered, which judgment and costs taxed as therein provided shall, until and unless set aside, have the same effect as though duly rendered in an action duly tried and determined by the court, and shall with like effect, be entered and docketed." (Ill. Rev. Stat. 1979, ch. 48, par. 138.19(g).)

In ruling upon section 19(g) petitions, the courts have long recognized that the purpose of the statute is to permit the speedy entry of judgment. (*Ahlers v. Sears, Roebuck Co.* (1978), 73 Ill. 2d 259, 268, 383 N.E.2d 207, 211; *Franklin v. Wellco Co.* (1972), 5 Ill. App. 3d 731, 734, 283 N.E.2d 913, 915, *cert. denied* (1973), 411 U.S. 932, 36 L. Ed. 2d 392, 93 S. Ct. 1901.) Accordingly, the court's inquiry is limited to whether the requirements of the section have been met. (*Ahlers v. Sears, Roebuck Co.* (1978), 73 Ill. 2d 259, 268, 383 N.E.2d 207, 211; *McMurray v. Peabody Coal Co.* (1917), 281 Ill. 218, 223, 118 N.E. 29, 32.) The court may not question the jurisdiction of the Commission or the legality of its actions. (*Ahlers v. Sears, Roebuck Co.* (1978), 73 Ill. 2d 259, 268, 383 N.E.2d 207, 211; *McMurray v. Peabody Coal Co.* (1917), 281 Ill. 218, 223, 118 N.E. 29, 32.) Similarly, the court may not review the Commission's decision or otherwise construe the stat-

ute even if the decision appears too large on its face. *Ahlers v. Sears, Roebuck Co.* (1978), 73 Ill. 2d 259, 268, 383 N.E.2d 207, 211; *St. Louis Pressed Steel Co. v. Schorr* (1922), 303 Ill. 476, 479, 135 N.E. 766, 767.

Thus, absent fraud or lack of jurisdiction, a party may not obtain review of the Commission's award in the course of a section 19(g) proceeding. (*Fico v. Industrial Com.* (1933), 353 Ill. 74, 79, 186 N.E. 605, 607; *Franklin v. Wellco Co.* (1972), 5 Ill. App. 3d 731, 734, 283 N.E.2d 913, 915, *cert. denied* (1973), 411 U.S. 932, 36 L. Ed. 2d 392, 93 S. Ct. 1901.) The exclusive means to contest the accuracy or validity of a Commission award is through a proceeding under section 19(f) of the Act. (*Gerish v. Feldman* (1943), 381 Ill. 635, 636, 46 N.E.2d 65, 66; *St. Louis Pressed Steel Co. v. Schorr* (1922), 303 Ill. 476, 478, 135 N.E. 766, 768; Ill. Rev. Stat. 1979, ch. 48, par. 138.19(f).) Absent such a review procedure, the decision of the arbitrator as adopted by the Commission is deemed "conclusive." Ill. Rev. Stat. 1979, ch. 48, pars. 138.19(b), (f).

It appears from the face of the record, that Konczak's petition for judgment fully complied with the requirements of section 19(g). All of the necessary allegations and exhibits were contained in or attached to the petition. Johnson Outboards does not contend otherwise. However, Johnson Outboards argues that Konczak's failure to reply to and deny its affirmative defense of payment is a binding admission which would preclude the entry of summary judgment.

It is well settled that payment is properly pleaded as an affirmative defense. (*Department of Finance v. Schmidt* (1940), 374 Ill. 351, 354, 29 N.E.2d 530, 532; Ill. Rev. Stat. 1979, ch. 110, par. 43(4).) Failure of a plaintiff to reply to new matters contained in such a defense may constitute an admission of said matters. (*Husted v. Thompson-Hayward Chemical Co.* (1965), 62 Ill. App. 2d 287, 290, 210 N.E.2d 614, 616; Ill. Rev. Stat. 1979, ch. 110, par. 40(2).) But, no such reply is required when the affirmative defense merely joins issue with the plaintiff. (*Lois, Inc. v. Halvorsen* (1971), 5 Ill. App. 3d 149, 151, 275 N.E.2d 172, 174.) In the instant case, the defense asserted by Johnson Outboards is merely an affirmative denial of Konczak's allegations of nonpayment of the Commission award. As such, it does not assert any matters not arising out of the petition and therefore no reply was required.

In the alternative, Johnson Outboards contends that it should have the opportunity to prove payment to defeat the section 19(g) petition. Yet, Johnson Outboards acknowledges, and the record reflects, that no payments were made subsequent to the entry of the

arbitrator's decision for those medical expenses incorporated in the award. Clearly, it was the arbitrator's duty to determine the gross amount of Konczak's medical expenses less any credits for prior payments made by Johnson Outboards. (*Board of Education v. Industrial Com.* (1923), 308 Ill. 445, 449, 140 N.E. 39, 40.) This was, in fact, done by the arbitrator who found a current balance due Konczak of $6,824.57. This finding was affirmed by the Commission. Johnson Outboards never specifically contested the accuracy of the determination with the Commission nor did it seek review in the circuit court. Thus, although couched in terms of an affirmative defense, Johnson Outboards' answer, in actuality, seeks to contest the amount that the arbitrator found to be currently due to Konczak. However, such a review of the arbitrator's decision finds no place in a section 19(g) proceeding. *City of Chicago v. Industrial Com.* (1976), 63 Ill. 2d 99, 103, 345 N.E.2d 477, 479; *Franklin v. Wellco Co.* (1972), 5 Ill. App. 3d 731, 734, 283 N.E.2d 913, 915, *cert. denied* (1973), 411 U.S. 932, 36 L. Ed. 2d 392, 93 S. Ct. 1901; *Gerish v. Feldman* (1943), 381 Ill. 635, 46 N.E.2d 65, 66; *St. Louis Pressed Steel Co. v. Schorr* (1922), 303 Ill. 476, 478, 135 N.E. 766, 767.

In *City of Chicago v. Industrial Com.*, a finding of the arbitrator that no credit was due defendant, when not originally appealed would not be reviewed in an enforcement proceeding. In *Franklin v. Wellco Co.* the court refused to consider the Commission's possible lack of jurisdiction in a section 19(g) proceeding where the original proceeding had not been reviewed. In *Gerish v. Feldman,* the court would not allow a commission award to be disputed under section 19(g) when no other appeal had been taken. Similarly, in *St. Louis Pressed Steel Co. v. Schorr,* the court in a section 19(g) proceeding properly refused to consider the propriety of an award which was too large on its face when that award had never been appealed.

Although Johnson Outboards cites many cases in support of its position, they are inapposite. In *Board of Education v. Industrial Com.* (1923), 308 Ill. 445, 140 N.E. 39, the Commission totally failed to calculate credit due to defendant as was its duty. Here, such calculations were made and any error should have been appealed. In *W.M. Allen Son & Co. v. Industrial Com.* (1932), 349 Ill. 71, 181 N.E. 625, the action was before the court on *certiorari* rather than section 19(g). *McMurray v. Peabody Coal Co.* (1917), 281 Ill. 218, 118 N.E. 29, considered post-adjudication payments rather than pre-adjudication payments and is inapplicable. Lastly, *Westlund v. Kewanee Public Service Co.* (1956), 11 Ill. App. 2d 10, 136 N.E.2d 263, dealt with credits in a civil personal injury action and has no bearing on a sec-

tion 19(g) proceeding.

Accordingly, Johnson Outboards was not entitled to contest the accuracy of the arbitrator's award in its answer to the section 19(g) petition. For the foregoing reasons, the judgment of the circuit court of Lake County is affirmed.

Judgment affirmed.

REINHARD and VAN DEUSEN, JJ., concur.