ERNEST C. NICHOLS, Plaintiff-Appellee, v. MISSISSIPPI VALLEY AIR-LINES, Defendant-Appellant.

Third District   No. 3—89—0796

Opinion filed August 23, 1990.

Robert P. Swanson, of Blackwood, Nowinski, Huntoon & Swanson, P.C., of Moline, for appellant.

John Malvik, of Rock Island, for appellee.

JUSTICE GORMAN delivered the opinion of the court:

The plaintiff, Ernest C. Nichols, brought an action pursuant to section 19(g) of the Workers' Compensation Act (the Act) (Ill. Rev. Stat. 1989, ch. 48, par. 138.19(g)) to register a final decision of the Industrial Commission (Commission). The trial court entered judgment on the Commission's award and also awarded the plaintiff interest and attorney fees. The defendant, Mississippi Valley Airlines, appeals.

The record shows that an arbitrator found that the plaintiff had suffered injuries arising out of and in the course of his employment with the defendant and awarded him temporary total disability benefits plus $5,065.90 in medical expenses. The defendant subsequently petitioned the Industrial Commission to review the arbitrator's award, alleging that the plaintiff's injuries had not arisen out of and in the course of his employment. The Industrial Commission affirmed the arbitrator's award.

The defendant thereafter paid the plaintiff $18,900, which represented the total amount of the arbitrator's award minus the medical expenses and interest. The defendant deducted the medical expenses because the plaintiff's former employer had paid them prior to the arbitration hearing. The plaintiff subsequently filed the instant application for judgment on the Industrial Commission's award, seeking to recover the unpaid portion of the award. The trial court entered judgment on the award and also awarded the petitioner interest and attorney fees.

The defendant argues on appeal that the trial court erred in finding that it was required to pay the plaintiff's medical expenses. It contends for the first time that since those expenses were already paid by the plaintiff's former employer, it should not be required to pay them again. We find, however, that the defendant is precluded from raising this issue in an appeal from a section 19(g) proceeding.

Section 19(g) of the Act (Ill. Rev. Stat. 1989, ch. 48, par. 138.19(g)) provides in relevant part that "either party may present a certified copy of the award of the Arbitrator, or a certified copy of the decision of the Commission when the same has become final, when no proceedings for review are pending, providing for the payment of compensation according to this Act, to the Circuit Court *** whereupon the court shall enter a judgment in accordance therewith. In a case where the employer refuses to pay compensation according to such final award or final decision upon which such judgment is entered the court shall in entering judgment thereon, tax as costs against him the reasonable costs and attorney fees in the arbitration proceedings and in the court entering the judgment for the person in whose favor the judgment is entered ***."

■ The trial court's inquiry under section 19(g) is limited to a determination of whether the requirements of the section have been met. (*Ahlers v. Sears, Roebuck Co.* (1978), 73 Ill. 2d 259, 383 N.E.2d 207.) The court may not review the Commission's decision or otherwise construe the statute even if the award appears too large on its face. (*Konczak v. Johnson Outboards* (1982), 108 Ill. App. 3d 513, 439 N.E.2d 16.) Therefore, absent fraud or lack of jurisdiction, a party may not obtain review of the Commission's award in the course of a section 19(g) proceeding. *Konczak*, 108 Ill. App. 3d at 517, 439 N.E.2d at 19.

■ In the instant case, the defendant is seeking review of the Commission's award of medical expenses. Besides the fact that it is generally precluded from raising issues for the first time on appeal, it is also precluded from raising this particular issue in the context of a section 19(g) proceeding. The exclusive means to contest the accuracy or validity of a Commission award is through a proceeding under section 19(f) of the Act. (See Ill. Rev. Stat. 1989, ch. 48, par. 138.19(f); *Konczak*, 108 Ill. App. 3d at 517, 439 N.E.2d at 19.) Therefore, we cannot review the Commission's award, but rather can only look at whether the trial court erred in entering judgment on that award. We find that the court did not err in concluding that the requirements of section 19(g) had been met. Accordingly, the court properly entered judgment on the award.

■ The defendant also argues on appeal that the trial court erred in ordering it to pay the plaintiff's attorney fees. The defendant contends that it should not be required to pay the fees since the award was disputed. We find, however, that the award was not the subject of a *bona fide* dispute.

As previously stated, the defendant could not contest the validity

of the Commission's award in a section 19(g) proceeding. Therefore, the award was not the subject of a *bona fide* dispute in the trial court. Moreover, the trial court is authorized under section 19(g) of the Act to award attorney fees when the employer has refused to pay the compensation awarded. Since the defendant failed to pay the Commission's full award, the trial court could properly assess attorney fees against it.

The judgment of the circuit court of Rock Island County is affirmed.

Affirmed.

STOUDER and BARRY, JJ., concur.