ROBERT E. FRANZ, Plaintiff-Appellant, v. McHENRY COUNTY COL-LEGE, Defendant-Appellee.

Second District   No. 2—91—0373

Opinion filed December 27, 1991.—Rehearing denied January 27, 1992.

William I. Caldwell, Jr., of Caldwell, Berner & Caldwell, of Woodstock, for appellant.

Steven W. Goldberg, Fred B. Lifton, and Timothy A. Bridge, all of Robbins, Schwartz, Nicholas, Lifton & Taylor, Ltd., of Chicago, for appellee.

JUSTICE BOWMAN delivered the opinion of the court:

Plaintiff, Robert E. Franz, appeals the dismissal, for lack of subject-matter jurisdiction, of his complaint and application for entry of judgment on a workers' compensation award. We affirm.

On May 16, 1990, pursuant to section 19(g) of the Workers' Compensation Act (Act) (Ill. Rev. Stat. 1989, ch. 48, par. 138.19(g)), plaintiff filed a complaint and application for the entry of judgment (complaint) on the final decision of the arbitrator of the Industrial Commission (Commission) finding defendant, McHenry County College, liable for certain payments and allowing defendant a credit amounting to $19,980.75 against its liability for temporary total disability compensation benefits. The claim stemmed from an injury apparently sustained by plaintiff while he was an employee of defendant in February 1984. The arbitrator's decision, dated May 27, 1988, stated that, pursuant to section 8(j) of the Act (see Ill. Rev. Stat. 1989, ch. 48, par. 138.8(j)(1), defendant was entitled to this credit because plaintiff had received weekly benefits in that amount under a group insurance plan, the premiums of which were paid for, at least in part, by defendant. Plaintiff did not seek a clarification, modification or correction of the award from the Commission, nor did he commence a proceeding for review pursuant to section 19(f) of the Act (Ill. Rev. Stat. 1989, ch. 48, par. 138.19(f)).

Using language similar to that of section 8(j)(1) of the Act, the arbitrator's decision stated that defendant shall keep plaintiff "safe and

harmless" from any claims that "may be made against" plaintiff for having received said weekly benefits to the extent of the credit. In his complaint, plaintiff alleged, without supporting evidence or documentation, that the benefits available to him by virtue of his sick leave were benefits which would have been payable irrespective of an accidental injury under the Act. Relying on the language in the award and that of section 8(j)(1), plaintiff concluded that he was entitled to the reinstatement of his sick days and credits in the amount of 140 days in addition to reimbursement for attorney fees and costs.

Appended to plaintiff's complaint was a letter to plaintiff's attorney dated May 26, 1988 (the day *before* the arbitrator's final decision), written at the request of plaintiff by Paul R. Dobbins, the dean of administrative services of the college. The letter stated that plaintiff had used 140 accumulated sick days during his recovery period and these days equalled $24,197.32 in salary. It was Dobbins' opinion that plaintiff had the option of reimbursing the college to reinstate the 140 days of sick leave, or plaintiff could receive the $24,197.32 himself, in which case the college would not reinstate his accumulated sick days.

On September 21, 1990, defendant filed a motion to dismiss the complaint; defendant noted that it had paid all compensation due under the terms of the award, that plaintiff had failed to commence a timely proceeding for judicial review of the final award and had failed to attach a certified copy of the award as required by section 19(g) of the Act. Defendant attached a certified copy of the award in support of its motion. Defendant argued that plaintiff was, in effect, impermissibly seeking judicial review or amendment of the arbitrator's award to include a finding that he was entitled to reinstatement of his sick leave days and this leave was governed by his contractual (collective bargaining) agreement with the college. Defendant's motion sought dismissal of the complaint for lack of subject-matter jurisdiction.

In its memorandum opinion and order dismissing the complaint, the trial court noted that the scope of its authority to deal with a petition for entry of judgment was severely limited; the court cited this court's decision in *Konczak v. Johnson Outboards* (1982), 108 Ill. App. 3d 513. The trial court concluded that plaintiff's complaint did not simply seek entry of a judgment on the award, but rather sought to have the court "interpret or construe the Industrial Commission Award in this case and the provisions" of section 8(j)(1) (Ill. Rev. Stat. 1989, ch. 48, par. 138.8(j)(1)).

Plaintiff filed a timely motion to reconsider, alleging (incorrectly, we believe) that the college had agreed, by virtue of its opinion letter

of May 26, 1988, that plaintiff was entitled to reinstatement of his sick leave. In the alternative, plaintiff argued that he should be allowed to amend his complaint. In its response in opposition, defendant pointed out that the letter did not simply state that plaintiff was entitled to reinstatement of his sick leave but, rather, that reinstatement was contingent upon payment of the value of the sick leave. Defendant also argued that plaintiff should not be allowed to amend his complaint where he failed to tender an amended complaint. Plaintiff's motion was denied on March 12, 1991, and this appeal followed.

Plaintiff now argues that the trial court erred in dismissing his complaint, that he was not required to seek review of the award, but that because of the language of the award holding him safe and harmless, the facts show with certainty that he is entitled to reinstatement of his sick leave credits. Plaintiff concedes that he cannot cite any case construing the "safe and harmless" language of section 8(j)(1) of the Act now embodied in his award. Other than by way of the allegations in his complaint, we also note that plaintiff has not cited facts from the record that support his assertion that he was clearly entitled to sick leave credit irrespective of any compensation he might receive under a workers' compensation claim. Indeed, in violation of Supreme Court Rule 341(e)(6) (134 Ill. 2d R. 341(e)(6)), plaintiff has not provided this court with a sufficient statement of facts containing the required references to the pages of the record that support his claims. Moreover, no reports of the proceedings were provided. Any doubts resulting from the incompleteness of the record will be resolved against the plaintiff as appellant. See *Palmisano v. Connell* (1989), 179 Ill. App. 3d 1089, 1099.

We are left to surmise from the pleadings and the limited information in the copy of the arbitrator's award, which defendant provided in support of its motion to dismiss the cause, the conditions under which plaintiff was entitled to sick leave. Apart from plaintiff's complaint together with the letter of opinion and defendant's responsive pleading, the record is otherwise silent regarding his entitlement to sick leave. Any contractual agreement between plaintiff and defendant which existed at the time the claims arose has not been made part of the record.

The arbitrator made no findings regarding the reinstatement of credit for sick leave that plaintiff now asserts he is entitled to, even though plaintiff had asked the defendant for an opinion on this very subject and a letter of opinion was issued on the day before the arbitrator's decision was made. Although the arbitrator made certain calculations in determining the compensation to be paid plaintiff, we do

not have the benefit of a complete record of the proceedings before the arbitrator and cannot ascertain with certainty how the final sums due were calculated. The arbitrator's award concluded that plaintiff was then entitled to receive $44,576.39 for compensation accrued between February 21, 1984, through December 11, 1987, and that defendant was to pay the additional sum of $2,674.40 for necessary medical expenses. Plaintiff does not claim that these sums remain unpaid.

In effect, plaintiff is now attempting to obtain a credit for the use of his sick days and to have the award modified to include this claim, which arose prior to the decision of the arbitrator. When the arbitrator allowed defendant a credit for the payments made to plaintiff, we believe it was incumbent upon plaintiff to present proof to the arbitrator that he was then entitled to reinstatement of his sick leave in addition to his workers' compensation benefits whether his claim was based on any insurance contract or any other contractual agreement with the defendant. See *Board of Education v. Chicago Teachers Union, Local No. 1* (1981), 86 Ill. 2d 469, 476 (failure of employer to claim credits in Industrial Commission proceeding pursuant to section 8(j) of the Act resulted in waiver of claim); *Hill Freight Lines, Inc. v. Industrial Comm'n* (1967), 36 Ill. 2d 419, 424 (failure to introduce evidence of insurance contract for health and welfare program benefits did not permit reviewing court to determine whether credit could be allowed under section 8(j) of the Act).

■ With this background information, we now address the issue whether the trial court properly dismissed plaintiff's complaint for lack of subject-matter jurisdiction. In a section 19(g) proceeding, the trial court exercises very limited, special statutory jurisdiction designed to permit the speedy entry of judgment on an award, and the requirements of the court's subject-matter jurisdiction will be strictly construed. (*Evans v. Corporate Services* (1990), 207 Ill. App. 3d 297, 302.) The trial court's inquiry in such a proceeding is limited to a determination of whether the requirements of the section have been met, and the court may not review the Commission's decision or otherwise construe the statute even if the award appears too large on its face. Thus, absent fraud or lack of jurisdiction, a party may not obtain review of the Commission's award in the course of a section 19(g) proceeding. *Nichols v. Mississippi Valley Airlines* (1990), 204 Ill. App. 3d 4, 6; *Konczak v. Johnson Outboards*, 108 Ill. App. 3d at 516-17.

. ■ The plaintiff is attempting to obtain review of the arbitrator's award so as to modify it to include matters extrinsic to the record.

Those matters involve predecision claims pertaining to the use of sick leave which should have been ruled on or clearly incorporated into the award. Plaintiff was first required to exhaust his remedies in proceedings before the Commission as a condition precedent to obtaining review in the circuit court. A party cannot sit idly by, permitting an arbitrator's decision to become final, and then assert his claim in a collateral proceeding such as this one. (See *City of Chicago v. Industrial Comm'n* (1976), 63 Ill. 2d 99, 103.) Even assuming *arguendo* that the arbitrator's decision was reviewable, the exclusive means to review that decision was in a section 19(f) proceeding. (Ill. Rev. Stat. 1989, ch. 48, par. 138.19(f); *Nichols*, 204 Ill. App. 3d at 6; *Konczak*, 108 Ill. App. 3d at 517.) Plaintiff never sought a timely review of the arbitrator's decision. If there was any doubt whether plaintiff was entitled to reinstatement of his sick leave credits or the value thereof, he should have sought such a determination in a timely fashion rather than wait two years to raise the issues of his sick leave and the construction of the statute in an enforcement proceeding.

In *Konczak*, the plaintiff filed a section 19(g) petition for judgment and alleged the existence of the award, the failure of the parties to appeal the award, and the failure of the defendant to pay the award. The defendant filed its answer and, in addition, raised an affirmative defense contending that it had paid the Commission's award in full through payments made to the plaintiff from an insurance plan *prior* to the arbitrator's decision. However, defendant acknowledged that no payments were made on the medical expenses incorporated into the award subsequent to the entry of the arbitrator's decision. Following the entry of summary judgment in the plaintiff's favor, the defendant appealed, contending that it should have been allowed to offset its prior payments to defeat the section 19(g) petition.

In *Konczak*, this court affirmed the trial court and noted that the arbitrator found a certain current balance was due to the plaintiff and the defendant never specifically contested the accuracy of the Commission's determination nor did it seek review in the circuit court. The *Konczak* court further noted that, although couched in terms of an affirmative defense, the defendant's answer was in actuality seeking to contest the amount due to the plaintiff. The court concluded that such a review of the arbitrator's decision should find no place in a section 19(g) proceeding. We find the facts of the case at bar sufficiently analogous to those of *Konczak* to preclude plaintiff from seeking credit for his predecision claim and from asking the court to construe the statute. Absent a timely review of the arbitrator's decision, plaintiff should not now be allowed to relitigate that arbitrator's deci-

sion in a collateral proceeding designed for the entry of judgment. The trial court correctly found that it did not have subject-matter jurisdiction and properly dismissed the complaint.

The judgment of the circuit court of McHenry County is affirmed.

Affirmed.

DUNN and UNVERZAGT, JJ., concur.