(No. 56314.—

DOROTHY BURNS, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Baskin Clothing Company, Appellee).

*Opinion filed March 25, 1983.*

Melvin Gaines, of Mel Gaines, Ltd., of Chicago, for appellant.

Robert B. Ulrich and Ronald L. Lipinski, of Seyfarth, Shaw, Fairweather & Geraldson, of Chicago, for appellee.

JUSTICE CLARK delivered the opinion of the court:

This case is before us on appeal from the circuit court of Cook County. On May 18, 1981, there was a hearing before arbitrator Thomas Dillon of the Industrial Commission in the matter of Dorothy L. Burns v. Baskin Clothing Company. On May 29, 1981, arbitrator Dillon filed what is called a "Memorandum of Decision of Arbitrator," a form in which he filled in blanks in his own handwriting. On July 15, 1981, the "Notice of Decision and Decision of the Arbitrator" was filed with the Industrial Commission. The decision that was filed on July 15, 1981, was a typed version of arbitrator Dillon's memorandum. As the decision itself stated, unless a petition for review was filed by either party with the Industrial Commission within 15 days after the receipt of the decision of the arbitrator and a review perfected in accordance with the Workers' Compensation Act and the rules of the Industrial Commission, the decision of the arbitra-

tor would be entered as the decision of the Industrial Commission. (Ill. Rev. Stat. 1979, ch. 48, par. 138.19(f).) Neither party filed for review of arbitrator Dillon's decision, so the decision of the arbitrator thus became the decision of the Industrial Commission.

On September 14, 1981, respondent, Baskin Clothing Company, alleges it tendered a check for $2,438.36 to claimant, representing what it believed was the amount due on the award; $2,375.01, the amount that had accrued and was still owing at the time of the decision, plus medical expenses of $36 and interest as required by section 19(n) of the Workers' Compensation Act (Ill. Rev. Stat. 1979, ch. 48, par. 138.19(n)). The claimant's attorney refused to accept delivery of this check. On September 22, 1981, the same check was again tendered to the claimant and was again refused by the claimant's attorney.

On October 16, 1981, claimant filed a complaint in the circuit court seeking a judgment on the Industrial Commission award pursuant to section 19(g) of the Workers' Compensation Act (Ill. Rev. Stat. 1979, ch. 48, par. 138.19(g)). Claimant alleged in the complaint that she was entitled to $11,130.66, rather than the $2,438.36 the respondent had tendered. The respondent filed an answer to the complaint and a motion for summary judgment. The respondent contended that a clerical error had been made and that the award of the arbitrator was for "8⁵/₇" weeks, not "85" weeks as the claimant had alleged in her complaint. In support of its contention, the respondent attached a copy of arbitrator Dillon's handwritten memorandum of decision, a copy of the typed decision filed and adopted by the Industrial Commission, and an affidavit by arbitrator Dillon stating that a typographical error had been made in paragraph 7 of page 1 of the typed decision. In his affidavit, arbitrator Dillon stated that he found that petitioner was entitled to *8⁵/₇*

weeks of temporary total disability, not *85* weeks, as indicated in the typed version of the decision. Arbitrator Dillon pointed out that the rest of the decision was consistent with a finding of 8⁵/₇ weeks. In paragraph 2 of page 2 of the decision he had found that petitioner had failed to prove temporary total disability beyond October 3, 1979; therefore petitioner was found to be disabled from August 3, 1979, to October 3, 1979, which was a period of 8⁵/₇ weeks, not 85 weeks. Also, in paragraph 7 of page 2 arbitrator Dillon had found that petitioner was entitled to receive $2,375.01, being the amount of compensation that had accrued, plus $36 for necessary medical expenses, less the $919.35 which the respondent had already paid to the claimant. According to our calculations, if the claimant was to receive $113.40 for 8⁵/₇ weeks (that being the award for temporary total disability), and $106.03 for 21³/₄ weeks (that being the award for permanent and complete loss of use of the left arm to the extent of 5% and the right leg to the extent of 5%), she was to receive $988.20 in temporary total disability, and $2,306.16 for her permanent disability, for a total of $3,294.36. If the amount of compensation respondent had paid ($919.35) is subtracted from that total, it leaves $2,375.01, which is the total arbitrator Dillon had found owing in paragraph 7 of page 2.

Claimant filed a motion to strike and dismiss the respondent's motion for summary judgment on the grounds that the respondent was attempting to contest the original award and that arbitrator Dillon's affidavit was an attempt to amend the original award beyond the statutory limitation provided in section 19(f) of the Workers' Compensation Act (Ill. Rev. Stat. 1979, ch. 48, par. 138.19(f)). Section 19(f) provides:

> "The decision of the Commission acting within its powers, according to the provisions of paragraph (e) of this Section shall, in the absence of fraud, be conclusive unless reviewed as in this paragraph hereinafter pro-

vided. However, the Arbitrator or the Commission may on his or its own motion, or on the motion of either party, correct any clerical error or errors in computation within 15 days after the date of receipt of any award by such Arbitrator or any decision on review of the Commission and shall have the power to recall the original award on arbitration or decision on review, and issue in lieu thereof such corrected award or decision. Where such correction is made the time for appeal or review herein specified shall begin to run from the date of the receipt of the corrected award or decision." Ill. Rev. Stat. 1979, ch. 48, par. 138.19(f).

Respondent filed a reply to the claimant's motion to strike, reasserting the arguments it made in its motion for summary judgment. The circuit court judge granted the claimant leave to file an answer to the respondent's motion for summary judgment. In her answer, claimant once again argued that the award was for 85 weeks and not $8^{5/7}$ weeks. Her attorney also filed an affidavit, which was attached to the answer, in which he stated that subsequent to the finality of the decision, he had met with respondent's attorney and the arbitrator and that the arbitrator after looking at the file had said, "*** he [arbitrator Dillon] did not believe he would have awarded Petitioner 85 weeks temporary total disability and suggested that the parties agree to changing the decision which in his opinion did award Petitioner 85 weeks Temporary Total Disability Compensation." Claimant's attorney interpreted that statement to mean that the arbitrator thought he had made a mistake, not the typist. Claimant's attorney further stated in his affidavit that no other meetings were held between the parties and that arbitrator Dillon issued an affidavit without notice or hearing to him, the contents of which resulted from an argument made by respondent's attorney outside his presence or claimant's presence.

The circuit court granted respondent's motion for summary judgment but entered judgment for Dorothy Burns, the claimant, and against Baskin Clothing, the respondent.

However, the court, "based on the affidavits and other information contained within the file," held that the claimant was entitled to 8⁵/₇ weeks of temporary total disability, instead of 85 weeks, and interpreted the decision accordingly. It is from this judgment of the circuit court that the claimant appeals.

Claimant asserts that this court has jurisdiction over this matter pursuant to Supreme Court Rule 302(a)(2) (73 Ill. 2d R. 302(a)(2)). Rule 302(a)(2) provides for appeals from final judgments of the circuit courts directly to this court "in proceedings *to review* orders of the Industrial Commission." (Emphasis added.) We do not agree with the claimant that this court has jurisdiction over this matter under Rule 302(a)(2). The arbitrator issued his original decision on May 29, 1981. That decision was filed with the Industrial Commission on July 15, 1981. The parties then had 15 days from the receipt of that decision to petition for *review* to the Commission or it was to become the final decision of the Commission and conclusive of the dispute between the parties. Since no petition for *review* was ever filed by either party in this case, the decision became final.

The claimant in this case filed a complaint in the circuit court seeking a judgment on the award, not a *review*. Therefore, the appeal before us is not a proceeding to *review* an order of the Industrial Commission. Any appeal of the judgment that was entered in the circuit court should have properly been brought in the appellate court, but in order not to further waste judicial resources, we will proceed to the merits.

It is clear that it was necessary for the circuit court to interpret the award in order to render a judgment. Claimant concedes this point. However, since there was obviously an irreconcilable inconsistency within the decision, it was only logical for the court to try to determine what the arbitrator had actually awarded. The circuit court could have determined what the award was by simply looking at

the "four corners" of the document itself. The dollar amount of compensation that had accrued at the time of the decision, less the compensation already paid, was only consistent with a finding of $8^5/_7$ weeks. Also, the arbitrator found that the period of disability was from August 3, 1979, to October 3, 1979—a period of exactly $8^5/_7$ weeks.

This case represents a waste of judicial resources. It seems incredible that a typographical error could cause such problems. This whole situation could have been avoided if both parties had been more careful in their reading of the decision in its typed form.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*