No. 3-06–0216

Modified Opinion filed January 12, 2007.
APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2007

| | | |
|---|---|---|
| JOHN GURNITZ | ) | Appeal from the Circuit Court |
| | ) | for the 12th Judicial Circuit, |
| Petitioner-Appellant, | ) | Will County, Illinois, |
| | ) | |
| v. | ) | |
| | ) | No. 05 - L - 422 |
| LASITS-ROHLINE SERVICE INC., | ) | |
| | ) | |
| Respondent-Appellee. | ) | Honorable Rodney B. Lechwar |
| | ) | Judge, Presiding. |

MODIFIED UPON DENIAL OF PETITION FOR REHEARING
JUSTICE McDADE delivered the opinion of the court:

Claimant, John Gurnitz, appeals from an order of the circuit court of Will County denying his motion for leave to file an amended complaint relating to a decision of the Industrial Commission of Illinois (Commission). Respondent employer is Lasits-Rohline Service, Inc. For the following reasons, we reverse and remand.

FACTS

Claimant sought a workers' compensation award for injuries sustained while employed by respondent. On December 1, 2000, an arbitrator found claimant to be partially disabled as a result of an accident during the course of his employment. The corresponding monetary award for that finding was $410.43 per week. On October 29, 2001, the Commission modified the arbitrator's decision and found claimant to be totally and permanently disabled. The pertinent

part of the Commission's order states:

> "It is therefore ordered by the Commission that respondent pay to petitioner the sum of $741.45 per week for 196 weeks commencing October 8, 1995 through September 5, 1996 and commencing again on April 22, 1997 through March 3, 2000, that being the period of temporary total incapacity for work under Section 8(b) of the Act.
>
> It is further ordered by the Commission that respondent pay to petitioner the sum of $410.43 per week for life commencing March 4, 2000, as provided in Section 8(f) of the Act, for the reason that the injuries sustained caused the total permanent disability of the petitioner."

Respondent sought judicial review of the Commission's decision in the circuit court of Will County. Upon judicial review, the circuit court reinstated the arbitrator's decision. Claimant appealed and we reversed the judgment of the circuit court and reinstated the October 29, 2001, decision of the Commission. *John F. Gurnitz v. The Industrial Commission, et al.*, 3-03-0161WC (2004) (unpublished order pursuant to Supreme Court rule 23 (166 Ill.2d R. 23)).

In complying with the Commission's order, respondent paid claimant the sum of $741.45 per week, for the period of temporary total incapacity. On March 4, 2000, respondent began paying claimant the sum of $410.43 per week as stated in the Commission's order. Alleging that this was an incorrect amount, claimant filed a complaint pursuant to Supreme Court Rule 369 (134 Ill. 2d R. 369) in the circuit court of Will County. The complaint sought modification of the

2

amount of weekly permanent disability benefits contained in the Commission's October 29, 2001, decision.

Respondent filed a motion to dismiss the complaint based on the inapplicability of Rule 369, which addresses enforcement of a circuit court judgment and based on the lack of subject matter jurisdiction. Prior to the hearing on respondent's motion, claimant filed a motion for leave to file an amended complaint and attached a copy of a proposed amended complaint. The amended complaint was similar to the original complaint except that the request for relief was made pursuant to section 19(g) of the Workers' Compensation Act (820 ILCS 305/19(g) (West 2004)), rather than Supreme Court Rule 369 (134 Ill. 2d R. 369).

Both the respondent's motion to dismiss and claimant's motion for leave to amend were noticed up for hearing on the same day, December 5, 2005. On that date, the trial court determined that it would decide respondent's motion to dismiss before addressing claimant's motion for leave to amend. No ruling was issued at this hearing. On January 18, 2006, while a decision on respondent's motion was still pending, a status hearing was held on claimant's motion for leave to amend. During this hearing, the trial court continued the matter and requested claimant's counsel provide authority by which an amendment could be filed in the face of a potentially dispositive motion to dismiss. Subsequently, claimant's counsel filed authority in support of his motion and respondent filed a response. Respondent also moved to strike plaintiff's amended complaint from the record.

Final arguments were heard on both parties' motions on February 6, 2006. The trial court subsequently entered a minute order denying claimant's motion for leave to amend and dismissed all complaints for lack of subject matter jurisdiction. This appeal then followed.

3

STANDARD OF REVIEW

In Illinois, courts are encouraged to freely and liberally allow amendments to pleadings. *Lee v. Chicago Transit Authority*, 152 Ill. 2d 432, 467, 605 N.E.2d 493, 508 (1992). Notwithstanding that liberal policy, a party's right to amend is not absolute and unlimited. *Lee*, 152 Ill. 2d at 467, 605 N.E.2d at 508. The decision whether to grant leave to amend a pleading rests within the sound discretion of the trial court. *Lee*, 152 Ill. 2d at 467, 605 N.E.2d at 508. Therefore, the trial court's decision will stand absent a manifest abuse of discretion. *Loyola Academy v. S & S Roof Maintenance, Inc.*, 146 Ill. 2d 263, 273-74, 586 N.E.2d 1211, 1216 (1992). "Among the factors to be considered in determining whether or not to permit an amendment to the pleadings are whether the amendment would cure the defect in the pleadings; whether the other party would be prejudiced or surprised by the proposed amendment; timeliness of the proposed amendment; and whether there were previous opportunities to amend the pleadings. *Lee*, 152 Ill. 2d at 467-68, 605 N.E.2d at 508.

ANALYSIS

Here on appeal, claimant argues that the trial court erred in denying his motion for leave to amend and asks us to increase the weekly dollar amount of the permanent total disability benefits awarded by the Commission. Claimant seeks this relief under section 19(g) of the Workers' Compensation Act (Act) (820 ILCS 305/19(g) (West 2004)). Respondent argues that granting claimant leave to file fails to cure his defective complaint because the exclusive means to contest the accuracy of a Commission award is through a proceeding under section 19(f) of the Act. Respondent concludes that because claimant failed to seek review within the time prescribed by section 19(f), the trial court did not err in denying claimant's motion for leave to

4

amend.  We first consider whether the amended complaint would cure the defect in the earlier

pleading, and begin our analysis with an examination of both sections 19(g) and 19(f).

Section 19(g) of the Act states in pertinent part:

> "[Either] party may present a certified copy of the * * * decision of
>
> the Commission when the same has become final, * * * providing
>
> for the payment of compensation according to this Act, to the
>
> Circuit Court * * * whereupon the court shall enter judgment in
>
> accordance therewith.  In a case where the employer refuses to pay
>
> compensation according to such final award or such final decision
>
> upon which such judgment is entered the court shall in entering
>
> judgment thereon, tax as costs * * * the reasonable costs and
>
> attorney fees in the arbitration proceedings and in the court
>
> entering the judgment for the person in whose favor the judgment
>
> is entered * * *."  820 ILCS 305/19(g) (West 2004).

In interpreting section 19(g), the Illinois Supreme Court has found that its purpose is to

allow an injured employee whose employer has refused to pay the award rendered in the

administrative proceeding to reduce the award to judgment in the state court and to obtain

compensation for the additional court costs and attorney fees he has been compelled to incur due

to the employer's refusal to pay the award. *Ahlers v. Sears, Roebuck Co.*, 73 Ill. 2d 259, 268, 383

N.E.2d 207, 211 (1978).  Thus, in a proceeding under subsection 19(g), the trial court exercises

very limited, special statutory jurisdiction designed to permit the speedy entry of judgment on an

award. *Franz v. McHenry County College*, 222 Ill. App. 3d 1002, 1006, 584 N.E.2d 536, 539

(1991). "The trial court's inquiry in such a proceeding is limited to a determination of whether the requirements of the section have been met, and the court may not review the Commission's decision or otherwise construe the statute even if the award appears too large on its face." *Franz*, 222 Ill. App. 3d at 1006, 584 N.E.2d at 539.

Section 19(f) of the Act states in pertinent part:

"The decision of the Commission acting within its powers, according to the provisions of paragraph (e) of this Section shall, in the absence of fraud, be conclusive unless reviewed as in this paragraph hereinafter provided. * * *

(1) * * * [T]he Circuit Court of the county where any of the parties defendant may be found, or if none of the parties defendant can be found in this State then the Circuit Court of the county where the accident occurred, shall by summons to the Commission have power to review all questions of law and fact presented by such record.

A proceeding for review shall be commenced within 20 days of the receipt of notice of the decision of the Commission. The summons shall be issued by the clerk of such court upon written request * * *." 820 ILCS 305/19(f) (West 2004).

6

When reviewing decisions of the Commission, courts exercise special statutory jurisdiction, and strict compliance with the statute conferring that jurisdiction is required. *Campbell-Peterson v. Industrial Comm'n*, 305 Ill. App. 3d 80, 83, 711 N.E.2d 1219, 1222 (1999). "Compliance with the 20-day period for initiating an action for judicial review pursuant to section 19(f) is both mandatory and jurisdictional." *Wal-Mart Stores, Inc. v. Industrial Comm'n*, 324 Ill. App. 3d 961, 966, 755 N.E.2d 98, 102 (2001).

Here on appeal, claimant admits that he has failed to comply with the requirements of section19(f). However, claimant contends section 19(g) allows us to determine what the Commission had actually awarded where there is an "irreconcilable inconsistency" within the decision. Specifically, claimant asserts that a clerical error had been made and that the intended award of the Commission for his weekly permanent disability benefit was $741.45 per week, not $410.43 as stated in the award. Claimant argues that such an action merely constitutes the "enforcement of the Commission's will" and not an act of judicial review. In making such an argument, claimant relies upon the Illinois Supreme Court's decision in *Burns v. Industrial Comm'n*, 95 Ill. 2d 272, 447 N.E.2d 802 (1983).

The claimant in *Burns* brought a section 19(g) enforcement action seeking a judgment on a final decision of the Commission. The action was initiated four months after the time prescribed for review by section 19(f) had expired. Claimant alleged in the complaint that she was entitled to 85 weeks of compensation, as stated in the award, and not to 8-5/7 weeks as the employer claimed. The employer filed a motion for summary judgment in which it argued that the "85 week" language, found in the award, was merely a clerical error and that the award was actually for 8-5/7 weeks. The claimant filed a motion to dismiss the employer's motion for

7

summary judgment on the grounds that the employer was attempting to contest the original award beyond the statutory limitation provided in section 19(f). Upon review, the supreme court specifically rejected claimant's argument and affirmed the trial court's judgment in favor of the employer. Specifically, the court stated:

> "The claimant in this case filed a complaint in the circuit court seeking a judgment on the award, not a *review*. Therefore, the appeal before us is not a proceeding to *review* an order of the Industrial Commission. * * *
>
> It is clear that it was necessary for the circuit court to interpret the award in order to render a judgment. Claimant concedes this point. However, since there was obviously an irreconcilable inconsistency with the decision, it was only logical for the court to try to determine what the arbitrator had actually awarded. The circuit court could have determined what the award was by simply looking at the 'four corners' of the document itself. The dollar amount of compensation that had accrued at the time of the decision, less the compensation already paid, was only consistent with a finding of 8 5/7 weeks. Also, the arbitrator found that the period of disability was from August 3, 1979, to October 3, 1979 -- a period of exactly 8 5/7 weeks." (Emphasis in original.)
>
> *Burns*, 95 Ill. 2d at 277-78, 447 N.E.2d at 804-05.

In the present case, the Commission unequivocally awarded claimant the amount for *total*

8

permanent disability "as provided in Section 8(f) of the Act." Therefore, like the award in *Burns*, there is an "irreconcilable inconsistency" within the Commission's decision. The "irreconcilable inconsistency" is that the award states a monetary amount of $410.43 - which would have been the award for permanent *partial* disability - even though the rest of the decision is only compatible with the permanent *total* disability rate as required through section 8(f) of the Act. The language "as provided in section 8(f) of the Act, for the reason that the injuries sustained caused the *total* permanent disability of the petitioner," necessarily leads to a different monetary amount than the one stated. The parties agree that the only amount compatible with a finding of permanent *total* disability under section 8(f) is $741.45. Accordingly, because we find an "irreconcilable inconsistency" on the face of the award, we believe it would be improper to view this appeal as a proceeding to modify an order of the Commission. Instead, as was the case in *Burns*, the complaint here merely seeks a judgment on the award, not a review.

The respondent cites numerous decisions which it claims support the interpretation that claimant's appeal is an improper action to modify an award of the Commission. We have reviewed these cases and find them distinguishable on their facts. In both *Nichols v. Mississippi Valley Airlines*, 204 Ill. App. 3d 4, 562 N.E.2d 1 (1990), and *Konczak v. Johnson Outboards*, 108 Ill. App. 3d 513, 439 N.E.2d 16 (1982), the respondents attempted to prove through a section 19(g) action that certain medical expenses had been paid prior to the arbitrators' awards. Similarly, the respondent in *Franklin v. Wellco Co.*, 5 Ill. App. 3d 731, 283 N.E.2d 913 (1972), argued that a section 19(g) judgment against him should be vacated because it could provide "meritorious defenses" for why it did not really owe claimant what the arbitrator had said it owed. Significantly, none of these cases concerned an "irreconcilable inconsistency" on the face

9

of the arbitrators' decisions. Instead, respondent's cited cases all involved attempts to bring forth new substantive evidence in order to challenge the merits of the arbitrators' decisions. As a result, we reject respondent's contention that these cases are applicable, and instead apply the rule of *Burns* that if an "irreconcilable inconsistency" within a decision exists, a court may attempt to determine and enforce what the arbitrator (or the Commission) has actually awarded. Therefore, with regard to the first element, we find that the amendment will cure the defective proceeding.

We consider the next two factors -- whether respondent would sustain prejudice or surprise by virtue of the proposed amendment and whether the amendment was timely filed -- together. At the outset, we note that the clerical error first appeared in the Commission's Order of October 29, 2001. Throughout the course of judicial review in the circuit court and the subsequent appeal in this court, the error with which we are now concerned apparently escaped the notice of the parties, the Commission and the courts. Following issuance by this court of its April 23, 2004, order affirming the Commission's award, respondent began its compliance starting with back payments of the amounts due for the periods of temporary total incapacity under section 8(b) of the Act. However, upon receiving the lower permanent *partial* disability payments, petitioner apparently first became aware of the clerical error. On April 4, 2005, less than a year after our April 23 opinion, petitioner initiated this action in pursuit of the proper amount for permanent *total* disability under section 8(b) of the Act. On September 6, 2005, respondent moved to dismiss the complaint for want of subject matter jurisdiction. Approximately six weeks later, petitioner filed his motion for leave to file a first amended complaint. Significantly, the motion was filed while this cause was still in the pleading stage.

10

Respondent's motion to dismiss for lack of subject matter jurisdiction had not yet been set for hearing and was not decided until four months after leave to amend was sought. In light of these facts and the apparent failure of all parties involved to notice the Commission's clerical error, this court does not find prejudice or surprise. We also find petitioner's motion was neither untimely nor unreasonably delayed.

The last factor is whether previous opportunities to amend could be identified. While it can always be argued that a party could have amended a day or a week or a month earlier, we do not believe that a proposed amendment six months after the initial filing of an action or six weeks after the filing of a motion to dismiss is unreasonable. Again, we place great importance upon the fact that the motion to amend was filed within the pleading stage.

CONCLUSION

In light of the fact that the amendment did meet all four factors, we find that the circuit court abused its discretion in denying petitioner's motion for leave to amend. Accordingly, the judgment of the circuit court of Will County is reversed and remanded with instructions for the circuit court to enter an order consistent with this decision. We also note that while section 19(g) of the Act allows for sanctions, we do not feel sanctions are appropriate in this matter as the respondent did comply with the Commission's order as drafted.

Reversed and remanded.

SCHMIDT, J. and HOLDRIDGE, J., concur.

11