NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 241254-U

NO. 4-24-1254

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
April 29, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| MONICA ROFFERS, as Executor of the Estate of Gregory Roffers, | ) ) | Appeal from the Circuit Court of |
|       Plaintiff-Appellant, | ) | Stephenson County |
|       v. | ) | No. 21L23 |
| HAGEMANN TRUCKING, LLC, a Wisconsin Limited | ) | |
| Liability Company; HAGEMANN TRUCKING, LLC, an | ) | |
| Illinois Limited Liability Company; and VALERIE | ) | Honorable |
| WEBER, | ) | Peter J. McClanathan, |
|       Defendants-Appellees. | ) | Judge Presiding. |

JUSTICE VANCIL delivered the judgment of the court.
Justices Knecht and DeArmond concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The appellate court affirmed, finding the trial court did not abuse its discretion in denying the plaintiff leave to file a fifth amended complaint and in granting the defendants' motion to dismiss with prejudice.

¶ 2    Monica Roffers, as executor of the estate of her deceased husband, Gregory Roffers, sued defendants, Hagemann Trucking, LLC, a Wisconsin Limited Liability Company (Hagemann Trucking-WI), Hagemann Trucking, LLC, an Illinois Limited Liability Company (Hagemann Trucking-IL), and Valerie Weber, seeking unpaid wages allegedly owed to Gregory. In 2024, defendants moved to dismiss Monica's fourth amended complaint with prejudice. Monica asked the trial court for leave to file a fifth amended complaint. The trial court denied Monica's request and granted defendants' motion to dismiss with prejudice. Monica appeals, arguing the court abused its discretion.

¶ 3        We affirm.

¶ 4                             I. BACKGROUND

¶ 5        Gregory Roffers worked as an over-the-road truck driver for Hagemann Trucking-IL beginning in July 2012. On July 14, 2015, Gregory died in a crash while on the job. On January 25, 2021, Gregory's widow, Monica Roffers, acting as executor of Gregory's estate, filed a two-count complaint against Hagemann Trucking-WI alleging that Hagemann Trucking-WI "falsified every one of Greg Roffers's paychecks as part of a scheme to pay him less commission than he was owed" and failed to pay him for unused vacation time. She sought damages under the Illinois Wage Payment and Collection Act (Act) (820 ILCS 115/1 *et seq.*) (West 2020).

¶ 6        Monica subsequently filed her first amended complaint on April 19, 2021, naming Hagemann Trucking-WI, Hagemann Trucking-IL, and Valerie Weber, among others as defendants. She added allegations that Hagemann Trucking-WI was merely a continuation of Hagemann Trucking-IL. She also alleged that Weber owned Hagemann Trucking-IL and Hagemann Trucking-WI.

¶ 7        Defendants moved to dismiss, and, by agreement of the parties, Monica filed a second amended complaint in March 2022. In her second amended complaint, Monica abandoned the unused vacation time claim, but she added a new claim that Hagemann Trucking-IL failed to pay Gregory for "Wait Time," meaning compensation for when he waited "at a shipper or receiver for an excessive amount of time." Defendants moved to dismiss that complaint, and the trial court granted defendants' motion. Monica filed a third amended complaint, reasserting her "Wait Time" and commission claims. On defendants' motion, the trial court dismissed the third amended complaint without prejudice.

¶ 8        Monica's fourth amended complaint, filed on July 21, 2023, repeated her "Wait Time" and commissions claims. The trial court set a schedule for the parties' filings, requiring defendants to file any motion to dismiss by September 22, 2023, requiring Monica to respond by October 20, 2023, and giving defendants until November 3, 2023, to reply to the response.

¶ 9        Defendants filed both a timely motion to strike and a motion to dismiss plaintiff's fourth amended complaint. Defendants attached to their motion an affidavit from Weber, along with two employer ledgers, which documented charges and collections from Hagemann Trucking-IL's customers. Defendants argued that these documents refuted Monica's allegations that they falsified records or underpaid Gregory.

¶ 10       Monica did not file a response to the motion to dismiss, but defendants still filed a timely reply in support of their motion to dismiss. At a status hearing on December 22, 2023, the trial court gave Monica until January 11, 2024, to file a response. The court scheduled a hearing on defendants' motion to dismiss for February 1, 2024. Monica missed the January 11, 2024, deadline and filed no response to defendants' motion to dismiss.

¶ 11       Instead, at 4:32 p.m. on January 31, 2024, the day before the hearing on defendants' motion, Monica filed a motion for leave to file a fifth amended complaint. According to her motion, her proposed fifth amended complaint "significantly narrow[ed] the allegations and claims" and "provide[d] additional factual details related to her narrowed claims." Specifically, her proposed fifth amended complaint abandoned any allegations of unpaid commission wages, "focus[ing] only on Defendants' alleged violations due to their failure to pay Greg Roffers all of his earned wages derived from 'Wait Time.' " She further claimed, "It was not until Defendants filed its Motion to Dismiss the Fourth Amended Complaint and attached exhibits and subsequent investigation that it became apparent that Plaintiff's

remaining claims against Defendants arose from their failure to pay Greg Roffers' for all of his 'Wait Time' wages."

¶ 12 In the proposed fifth amended complaint, Monica alleged that defendants agreed to pay Gregory 30% of their revenues from linehauls, meaning revenues from "haul[ing] their tanker loads from the pick-up point to the consignee." They later increased his linehaul commission rate to 31%. She alleged defendants further agreed to pay Gregory $50 for each hour of "Wait Time" he spent waiting for his haul to be loaded or unloaded, beyond either the first or second hour. Monica also claimed, for the first time, that she confirmed Gregory's wage agreement in her own phone conversations with Weber. She claimed that defendants improperly combined Gregory's "Wait Time" wages and his linehaul wages, paying him only 30% to 31% of his "Wait Time" wages, in violation of their agreement and the Act.

¶ 13 At the hearing on February 1, 2024, Monica's attorney acknowledged that he was not contesting the motion to dismiss the fourth amended complaint. Instead, he was asking for leave to file a fifth amended complaint. Defendants' attorney objected to Monica's motion. He claimed the trial court had previously warned that Monica would have no more chances to amend her complaint after her fourth attempt. He argued that the motion to dismiss was unopposed and asked that the case be dismissed with prejudice. Addressing the court, Monica's attorney responded,

> "[T]his is in full deference to your Honor's previous statement before to us—or to the Court, you know, that this would be our last shot. We're pursuing the same claim. We were pursuing wait time before. The only difference here is that we've fleshed out some of the facts related to the wait time in that we've eliminated the claim for unpaid commissions."

¶ 14 In court on March 15, 2024, the trial court granted defendants' motion to dismiss with prejudice and denied Monica's motion for leave to file a fifth amended complaint. In an accompanying written decision, the court observed that Monica was "largely conceding deficiencies in the Fourth Amended Complaint" and the "real question" was whether to dismiss the case with or without prejudice. It stated, "A number of opportunities to sufficiently plead a cause of action have been granted, some by agreement, and some over Defendants' objection. Plaintiff has had a period of years to amend the pleadings. While there may be no surprise to Defendants, at this point there is prejudice." The court added that the proposed fifth amended complaint narrowed the issues, but it still centered on the same allegations of insufficient payment. Although plaintiff alleged the existence of an oral agreement between defendants and Gregory before, "[i]t is only at this late stage that Plaintiff now claims an oral conversation between Plaintiff and Defendants to allege a new type of agreement that was not previously referenced by pleading." The court concluded that "there have been numerous opportunities given to amend the pleadings in the past" and the proposed fifth amended complaint did not cure the deficiencies in the third amended complaint, so the court dismissed the case with prejudice.

¶ 15 Monica moved to vacate the denial of her motion for leave to amend. She insisted that the trial court did not adequately consider whether the proposed fifth amended complaint would cure deficiencies in the previous pleadings. At a hearing on the motion to vacate, Monica's attorney acknowledged,

> "[A]s to the fourth factor, whether [Monica] had previous opportunities to amend. She did. There's no question about that. But I'll also point out to the Court that it's one of four factors, it's not the most or the second most important factor, for that matter, and the defendants had notice of this claim for wait time."

Regarding the alleged conversations between Monica and Weber, he explained,

> "[I]t seemed to be that the Court interpreted that to be a completely different agreement that was discussed. That's not the case. They were discussing the very same agreement that we had previously alleged in the fourth amended complaint, and I believe the previous iteration of the pleading as well."

¶ 16    In a written order entered on August 22, 2024, the trial court declined to vacate its order. It explained,

> "The Court, even if it finds the proposed amended complaint cures the defects, was timely, and is without surprise to the Defendants, must also analyze the amount of opportunities to amend previously granted in determining whether under the interests of justice it is appropriate *** to allow a fifth amended complaint be filed. Given the history recited, the numerous attempts to replead given over the years and by various judges in this case, without success, ultimately resulting in dismissal of the Fourth Amended Complaint, and the amount of time given past deadlines in prior opportunities to replead, the Court believes the denial of Petitioner's Motion to File her Fifth Amended Complaint is warranted."

¶ 17    Monica filed a timely notice of appeal. For the order or judgment she sought to appeal, she listed the orders entered on March 15, 2024, and August 22, 2024. For her relief sought, she asked the appellate court to reverse the trial court's judgment or vacate that judgment. She asked that we change the judgment to say, "Plaintiff's Motion for Leave to File Her Fifth Amended Complaint is granted; Plaintiff's Motion to Vacate the Denial of Her Motion to File Her Fifth Amended Complaint is granted." Finally, she asked that we order the trial court

to "Grant Plaintiff's Motion for Leave to File Her Fifth Amended Complaint; Grant Plaintiff's Motion to Vacate the Denial of Her Motion to File Her Fifth Amended Complaint; Order Defendants to Answer the Fifth Amended Complaint in 28 days."

¶ 18                                    II. ANALYSIS

¶ 19         Monica asks us to reverse the trial court's judgment dismissing her fourth amended complaint and denying her motion for leave to file a fifth amended complaint. Section 2-616(a) of the Code of Civil Procedure (Code) states that the court may allow amendments to pleadings to enable the plaintiff to sustain the claim brought in the suit on just and reasonable terms "[a]t any time before final judgment." 735 ILCS 5/2-616(a) (West 2020). In deciding whether to grant leave to amend a pleading under this subsection, a court considers the factors adopted by our supreme court in *Loyola Academy v. S & S Roof Maintenance, Inc.*, 146 Ill. 2d 263, 273 (1992). "These factors are: (1) whether the proposed amendment would cure the defective pleading; (2) whether other parties would sustain prejudice or surprise by virtue of the proposed amendment; (3) whether the proposed amendment is timely; and (4) whether previous opportunities to amend the pleading could be identified." *Id.* "To be entitled to an order granting leave to amend, a party must meet all four *Loyola* factors." *Devyn Corp. v. City of Bloomington*, 2015 IL App (4th) 140819, ¶ 89; see *Schultz v. Sinav Limited*, 2024 IL App (4th) 230366, ¶ 103 ("We will not reverse unless the plaintiff shows that the trial court incorrectly weighed all four factors."). We review an order denying leave to file an amended complaint for abuse of discretion. *Keefe-Shea Joint Venture v. City of Evanston,* 364 Ill. App. 3d 48, 61 (2005). "An abuse of discretion will be found only where no reasonable person would take the view adopted by the trial court." *Id.*

¶ 20         Before considering whether the trial court abused its discretion, we first address

defendants' claim that we lack jurisdiction over the dismissal of Monica's fourth amended complaint and the *Loyola* factors do not apply. Monica's notice of appeal asked us to change the trial court's judgment to say that her motion for leave to file a fifth amended complaint was granted. It further asked us to order the trial court to grant her motion for leave to file a fifth amended complaint. She did not explicitly ask us to reverse the dismissal of her *fourth* amended complaint with prejudice. Defendants contend that Monica failed to appeal the dismissal order, so we cannot reverse that order. According to defendant, our consideration of Monica's motion for leave to file an amended complaint is limited by the irreversible dismissal with prejudice, and, at most, we could only allow Monica to amend her fourth complaint to conform her pleadings to the proof. See 735 ILCS 5/2-616(c) (West 2020) ("A pleading may be amended at any time, before or after judgment, to conform the pleadings to the proofs, upon terms as to costs and continuance that may be just."); see also *Terra Foundation for American Art v. DLA Piper LLP (US)*, 2016 IL App (1st) 153285, ¶ 57 (finding that after a dismissal with prejudice, a party may not amend the pleadings except to conform the pleadings to the proof, under section 2-616(c) of the Code).

¶ 21        Under Illinois Supreme Court Rule 303(b)(2) (eff. July 1, 2017), a notice of appeal "shall specify the judgment or part thereof or other orders appealed from and the relief sought from the reviewing court." Pursuant to this rule, "the appellate court acquires no jurisdiction to review other judgments or parts of judgments that are not specified in or inferred from the notice of appeal." *Fitch v. McDermott, Will, & Emery, LLP*, 401 Ill. App. 3d 1006, 1014 (2010). "The purpose of a notice of appeal is to inform the prevailing party in the trial court that his opponent seeks review by a higher court." *Nussbaum v. Kennedy*, 267 Ill. App. 3d 325, 328 (1994). "The notice should be considered as a whole and will be deemed sufficient to confer

jurisdiction on an appellate court when it fairly and adequately sets out the judgment complained of and the relief sought, advising the successful litigant of the nature of the appeal." *Fitch*, 401 Ill. App. 3d at 1014. We liberally construe the notice, and "[w]here the deficiency is one of form rather than substance, and the appellee is not prejudiced, the failure to comply strictly with the form of the notice is not fatal." *Id.*

¶ 22        We find Monica's notice of appeal sufficient to allow us to consider the dismissal of her fourth amended complaint. The notice stated that Monica appealed the trial court's order entered on March 15, 2024. In this order, the court both denied Monica's motion for leave to file a fifth amended complaint and granted defendants' motion to dismiss with prejudice. Construing this liberally, Monica clearly sought to continue the litigation by asking us to undo the trial court's final judgment, entered on March 15, 2024. See *id.* Defendants certainly were informed of the nature of the appeal, and they have not been prejudiced. See *id.*

¶ 23        We now consider whether the trial court reasonably applied *Loyola*. We find the "previous opportunities to amend" factor determinative, so we limit our discussion to this factor. See *Devyn Corp.*, 2015 IL App (4th) 140819, ¶ 89. In denying Monica's motion for leave to amend, the trial court found that "there have been numerous opportunities given to amend the pleadings in the past." In declining to vacate its order, the court reiterated that there were "numerous attempts to replead given over the years and by various judges in this case, without success, ultimately resulting in dismissal of the Fourth Amended Complaint."

¶ 24        Monica denies that she had prior opportunities to make the proposed amendments. She claims the proposed fifth amended complaint added new allegations of her own conversation with Weber supporting the alleged agreement regarding Gregory's wages. She further claims that, in preparing her fifth amended complaint, she relied on documents that defendants first

provided in their response to her fourth amendment complaint, about four months before her motion seeking to file a fifth amendment. Monica claims that these documents "revealed evidence showing that Hagemann Trucking-IL did not falsify its revenue numbers as to two of Greg Roffers' paystubs." Furthermore, she claims that defendants' response to her fourth amended complaint showed that defendants underpaid Gregory for his "Wait Time" by wrongly treating his "Wait Time" wages like Gregory's "linehaul" wages, calculated at a rate of 30% or 31%. Monica claims, "Based on the newly found evidence, [Monica] filed her [proposed fifth amended complaint], which narrowed the scope of [Monica's] claims to unpaid 'Wait Time' wages, while also supplementing already pled allegations in previous iterations with additional supporting facts." She insists the trial court abused its discretion by finding she had previous opportunities to make these amendments.

¶ 25       We find no abuse of discretion. Monica filed her initial complaint plus four other amended complaints. These clearly constitute prior opportunities to amend. Monica's attempt to distinguish this new request from those prior four amendments based on the ostensibly "newly found evidence" is entirely unconvincing. Monica's own purported knowledge of her alleged conversation regarding Gregory's wages cannot plausibly be characterized as "newly found." Monica certainly had prior opportunities to allege facts based on her own personal knowledge. Furthermore, defendants' documentation showing that Hagemann Trucking-IL "did not falsify its revenue numbers" hardly shows that Monica lacked an opportunity to assert her claim. It simply refuted Monica's claim in her fourth amended complaint.

¶ 26       This leaves only the supposed new evidence showing that defendants miscalculated Gregory's "Wait Time" wages. But Monica asserted this same "Wait Time" claim three times before, in her second, third, and fourth amended complaints. Even if defendants'

response to the fourth amended complaint provided additional information clarifying that claim, the proposed fifth amended complaint still relied on the same core allegations as previous complaints. Indeed, in the three years since Monica filed her initial complaint and after four subsequent amendments, Monica had adequate opportunities to investigate her case and gather supporting evidence. See *Seitz-Partridge v. Loyola University of Chicago*, 409 Ill. App. 3d 76, 87 (2011) (finding that after six years and five prior amendments, "all of the facts and circumstances that the plaintiff sought to add to a sixth amended complaint could and should have been discovered and included if they were as crucial as the plaintiff now implies.").

¶ 27 Moreover, Monica's proposed fifth amended complaint did not include Weber's affidavit or the employer ledgers that defendants provided in response to the fourth amended complaint as attachments. Although her proposed fifth amended complaint referenced defendants' motion, every exhibit attached to the proposed complaint had already been attached to Monica's fourth amended complaint. Clearly, Monica believed she could assert her claim without relying on those new documents. Monica's fifth amended complaint asserted substantially the same "Wait Time" claim as multiple previous amended complaints, so we are not persuaded that she lacked prior opportunities to amend.

¶ 28 Monica claims the trial court overemphasized the "prior opportunities to amend" factor, neglecting the other *Loyola* factors. She cites *Lee v. Chicago Transit Authority*, 152 Ill. 2d 432, 467-69 (1992), where our supreme court upheld a trial court's decision to permit the plaintiff to amend her complaint at trial, just before closing argument. Although the supreme court found that the plaintiff had prior opportunities to amend, it also explained, "because [the defendant] was not prejudiced by the amendment, we are unable to conclude, based upon this factor alone, that the trial court abused its discretion in permitting the amendment." *Id.* at 469.

*Lee* is not compelling. There, the trial court allowed the amendment. Here, the court did not. We defer to the trial court's decision, reversing only for an abuse of discretion. *Id.* at 467; see *Schultz*, 2024 IL App (4th) 230366, ¶ 103. When the trial court denies a motion for leave to file an amended complaint, "[w]e will not reverse unless the plaintiff shows that the trial court incorrectly weighed all four factors." *Schultz*, 2024 IL App (4th) 230366, ¶ 103. Monica has not shown the trial court weighed this factor incorrectly.

¶ 29 Monica also cites *Gurnitz v. Lasits-Rohline Service Inc.*, 368 Ill. App. 3d 1129, 1136-37 (2006). There, the appellate court found the trial court abused its discretion in denying leave to amend. The appellate court found that all four *Loyola* factors supported the amendment. Regarding prior opportunities to amend, the court explained,

> "While it can always be argued that a party could have amended a day or a week or a month earlier, we do not believe that a proposed amendment six months after the initial filing of an action or six weeks after the filing of a motion to dismiss is unreasonable. Again, we place great importance upon the fact that the motion to amend was filed within the pleading stage." *Id.*

*Gurnitz* does not help Monica. She did not file her proposed fifth amended complaint six months after the initial filing, but three years after. Moreover, the plaintiff in *Gurntiz* apparently sought to file only a single amended complaint. *Id.* at 1131. Here, Monica filed four previous amended complaints.

¶ 30 In conclusion, Monica's four prior amended complaints constituted prior opportunities to amend her complaint. Therefore, she has not shown that the trial court abused its discretion in denying her a fifth opportunity to amend.

¶ 31                                    III. CONCLUSION

¶ 32        For the reasons stated, we affirm the trial court's judgment.

¶ 33        Affirmed.